J-S09033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ULYSSES N. ALTLAND, | |
| Appellant | No. 1296 WDA 2014 |

Appeal from the PCRA Order entered July 11, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0002906-2005

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ULYSSES N. ALTLAND, | |
| Appellant | No. 1297 WDA 2014 |

Appeal from the PCRA Order entered July 11, 2014,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0001052-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 26, 2015**

At two different dockets, Ulysses N. Altland ("Appellant") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. sections 9541-46.   We reverse with instructions.

The PCRA court summarized the procedural history as follows:

> At docket 1052-2012, [Appellant] was found guilty of voluntary manslaughter, two counts of aggravated assault, reckless endangerment, firearms not to be carried without a license, and possessing an instrument of crime on January 17, 2013, following a jury trial. On March 12, 2013, the Honorable John Garhart imposed an aggregate sentence of 8.5 to 28 years.
>
> At docket 2906-2005, [Appellant] was charged with robbery, conspiracy to commit robbery, theft by unlawful taking, receiving stolen property, and driving without a license. On June 28, 2006, the Honorable John A. Bozza denied [Appellant's] Motion to Decertify and Transfer to Juvenile Court. [Appellant pled] guilty to criminal conspiracy to commit robbery on September 6, 2006, and the remaining charges were *nolle prossed*. On October 5, 2006, [Appellant] was sentenced by Judge Bozza to 10 to 23 months [of] incarceration and 5 years [of] probation. [Appellant] was paroled effective August 3, 2007. On November 20, 2009, a warrant was issued for [Appellant's] arrest due to parole and probation violations. On November 2, 2010, the Honorable Ernest J. DiSantis, Jr., revoked [Appellant's] probation and sentenced him to 10 to 23 months incarceration with 48 months [of] probation. Following his conviction at docket 1052-2012, the Honorable John Garhart revoked [Appellant's] probation at this docket and imposed a [sentence consecutive to docket 1052-2012] of 18 to 36 months [of] incarceration on March 12, 2013.
>
> On February 21, 2014, [Appellant] filed a *pro se* PCRA Petition. On February 25, 2014, [the PCRA court] appointed PCRA counsel. On May 8, 2014, [PCRA counsel] submitted a Supplemental PCRA [petition]. On May 9, 2014, [the PCRA court] ordered the Commonwealth to file Response within ten days. [The Commonwealth failed to comply].

PCRA Court Opinion, 6/11/14, at 1-2.

On June 11, 2014, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Appellant did not file a response. By order entered July 11, 2014, the PCRA court dismissed Appellant's PCRA petition. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

> A. WHETHER THE [PCRA] COURT ERRED IN DENYING PCRA RELIEF IN THE NATURE OF THE PROVISION OF TIME CREDIT?

Appellant's Brief at 2.

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing if it determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Initially, we must first determine if Appellant's claim is cognizable under the PCRA. This Court has stated:

> It was only when the petitioner challenges the *legality* of a trial court's alleged failure to award credit for time served

as required by law in imposing sentence, that a challenge to the sentence was deemed cognizable as a due process claim in PCRA proceedings. A challenge to the Bureau of Correction's [sic] computations or construction of the terms of sentences imposed is neither a direct nor even a collateral attack on the sentences imposed; and so, such claims were not deemed cognizable in [post-conviction] proceedings.

**Commonwealth v. Perry**, 563 A.2d 511, 513 (Pa. Super. 1989) (citations omitted). "If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation." **Id.** at 512-13.

Here, Appellant claims "he was not afforded proper time credit and that the Court committed legal error and abused its discretion in failing to grant PCRA relief in the nature of the provision of the time credit as alleged and sought pursuant to his PCRA Petition." Appellant's Brief at 4. According to Appellant, he "should have been afforded time credit of 374 days as to [his] cumulative sentence and the [trial] court's failure to afford that time credit and reliance upon the Clerk of Courts to impose that credit resulted in the imposition of an illegal sentence absent the incorporation of that time credit into the sentencing order." **Id.** at 5. We agree.

Appellant's claim is cognizable under the PCRA because he is challenging the illegality of his sentence. **Compare Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa. Super. 2014) (holding that, because the

- 4 -

trial court "expressly and unambiguously granted him 'credit for any time served'", the PCRA petitioner did not challenge the legality of his sentence.

In this case, the PCRA court found no merit to Appellant's contention, and explained:

> After an independent in investigation of this matter this Court finds [Appellant's] argument to be without merit. In fact, [Appellant] did receive credit for the 374 days served between March 2012 and March 2013. The Clerk of Courts, as directed by Judge Garhart at sentencing, applied this credit to docket number 685-2010 to close out the docket. This Court notes that [Appellant's] parole at docket 685-2010 was revoked on March 12, 2013 due to his convictions at docket 1052-2012. The 374 days was applied, and Judge Garhart granted [Appellant] parole, effective March 12, 2013, at docket 685-2010. Accordingly, [Appellant] is not subject to an illegal sentence as he did receive 374 days credit.

PCRA Court Opinion, 6/11/14, at 2-3.

Our review of the sentencing transcript reveals that, although the trial court stated that Appellant would receive "all credit for time served," the sentencing order does not provide a time credit. **See Heredia**, 97 A.3d at 395, n.5 (noting that the text of a sentencing order "is determinative of the court's sentencing intentions and the sentence imposed"); **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008) (remanding because "the sentencing court must include credit for time served in the sentencing order).

At sentencing, the following exchange occurred:

[BY THE COURT]:

Now, that takes care of the sentencing on this docket at 1052 of 2012; any questions from anybody?

[TRIAL COUNSEL]: Judge, would the credit be - - [Appellant] has about a year - - a little over a year in.

THE COURT: Did he make bond on this charge?

[TRIAL COUNSEL]: No.

[ASSISTANT DISTRICT ATTORNEY]: No.

[TRIAL COUNSEL]: No, in on a detainer.

THE COURT: I'm going to let the clerk take the first whack, [trial counsel] of allotting credit. Clearly he gets credit for any time he's served, okay?

[TRIAL COUNSEL]: Yes.

THE COURT: And we agree he's not RRRI eligible.

[TRIAL COUNSEL]: That's correct.

THE COURT: Now, we have another matter to account for. At the time [Appellant] committed these crimes, he was on supervision for two crimes at 2906 of '05. There he committed - - he was guilty of conspiracy to commit robbery, a felony of the second degree, and he was still on supervision for that offense and will be till 2016. His new charge of voluntary manslaughter is a breach of that supervision and as clear a breach as could be imagined, so that needs to be accounted for. Secondly, he's on supervision at the time at 685 of 2010, a theft by unlawful [taking] count in which he'd done - - he was sentenced to five to twenty months in the Erie County Prison.

I'm going to do the following here: First of all, 685 of 2010, I'm going to revoke. I want to parole him and I want to discharge him on that. I want that done, that is just underbrush at this point.

N.T., 3/12/13, at 28-29. The trial court then imposed the 18 to 36 month consecutive probation revocation sentence at docket 2906 of 2005.

- 6 -

Initially, we note that the trial court erred in deferring the calculation of credit for time served to the clerk of courts. ***See Mann***, 957 A.2d at 749 (reiterating that the Department of Corrections, as an executive agency, "has no power to change sentences, or to add or remove sentencing conditions including credit for time served; this power is vested in the sentencing court"). Moreover, we read the above comments by the trial court as indicating its intent to immediately parole Appellant for his 2010 conviction. Thus, the certified record does not support the clerk's assignment of time credit for to this conviction. Given these circumstances, we conclude that Appellant's sentence for his 2013 convictions is illegal. We reverse the PCRA court's order denying post-conviction relief. Upon remand, the "sentencing court is instructed to apply credit to the balance of Appellant's new sentence for all the time he was in custody between his arrest on the new charges and his sentencing for those offenses." ***Mann***, 957 A.2d at 752. As in ***Mann***, the sentencing court must issue a sentencing order granting time-served." ***Id.***

Order reversed. Case remanded with instructions regarding re-sentencing with credit for time served. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

- 7 -

Date: 3/26/2015