J-S71025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK R. MCNALLY, | |
| Appellant | No. 614 WDA 2015 |

Appeal from the Judgment of Sentence March 24, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003299-2014

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and OTT, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 14, 2015**

Appellant, Frank R. McNally, appeals from the judgment of sentence entered on March 24, 2015, in the Erie County Court of Common Pleas. After review, we affirm.

On January 27, 2015, Appellant entered guilty pleas to one count each of possessing chemical precursors to manufacture methamphetamine[1] and operating a methamphetamine laboratory.[2] On March 24, 2015, the trial court sentenced Appellant to serve thirty-six to eighty-four months of incarceration on each count, and it ordered Appellant's sentences to be served concurrently. Appellant filed a timely post-sentence motion, which

_____

[1] 35 P.S. § 780-113.1(a)(3).

[2] 35 P.S. § 780-113.4(b)(1).

was denied in an order filed on March 30, 2015. This timely appeal followed.

Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

A. Appellant avers and believes that the trial court erred when it applied the RFEL category to Appellant's prior record score during sentencing and that the trial court should have applied the point based category of "5" to Appellant's prior record score during sentencing.

B. Appellant avers and believes that the trial court erred in considering convictions and /or offenses that were committed over twenty (20) years ago during sentencing.

C. Appellant avers and believes that the trial court erred when it failed to consider and/or to give deference to other mitigating factors during sentencing such as age of the Appellant and /or drug addiction of the Appellant and/or other factors (i.e., "including but not limited to age and drug addiction").

Appellant's Brief at 3.

In his first issue, Appellant argues that the trial court erred in its application of the Sentencing Guidelines under 204 Pa.Code § 303.4 regarding prior record scores. Appellant's Brief at 9. Appellant claims that the language of subsection 303.4(a)(2) requires six prior **convictions**, rather than six **prior record score points**, in order to classify a defendant in the repeat felony one and felony two offender category ("RFEL"). Appellant's Brief at 9 (emphasis added). Therefore, Appellant avers that, because he does not have six prior first or second degree felony **convictions**, the trial court erred in placing him in the RFEL category. *Id*. (emphasis added).

Appellant's challenge involves the statutory construction of the Sentencing Guidelines under 204 Pa.Code § 303.4. "This is a question of law and thus, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Johnson***, \_\_\_ A.3d \_\_\_, \_\_\_, 2015 PA Super 221 at \*4 (Pa. Super. 2015) (internal quotation marks and citations omitted).

A panel of this Court recently decided this specific issue in ***Johnson***, ***supra***. In ***Johnson***, this Court held that the RFEL designation under 204 Pa.Code § 303.4 results from a defendant having six or more points in his prior record score; it is **not** based on the number of convictions or adjudications in his criminal history. ***Johnson***, \_\_\_ A.3d at \_\_\_, 2015 PA Super 221 at \*6 (emphasis added).

Here, it is undisputed that Appellant had prior convictions for rape and robbery. N.T., Sentencing, 3/24/15, at 7. Rape and robbery both carry a prior record score of four points resulting in a prior record score of eight. 204 Pa.Code §§ 303.5(a) and 303.7(a)(1). Because Appellant had a prior record score of eight, the trial court correctly determined that he was in the RFEL category for sentencing in the drug-related crimes in the case at bar. Trial Court Opinion, 6/3/15, at 3. Accordingly, Appellant is entitled to no relief on this claim of error.

In Appellant's second and third issues, he contends that the trial court erred in considering convictions that were more than twenty years old and

argues that the trial court failed to consider mitigating factors when imposing sentence. These claims present challenges to the discretionary aspects of Appellant's sentence. *See Commonwealth v. Jacobs*, 900 A.2d 368, 375 (Pa. Super. 2006) (a claim that the trial court considered an improper factor presents a challenge to the discretionary aspects of one's sentence); *see Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (a claim that the trial court failed to consider mitigating factors when imposing sentence is a challenge to the discretionary aspects of one's sentence).

It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issues in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief.[3] Thus, we next assess whether Appellant has raised a substantial question with respect to the issues he raised.

A determination as to whether a substantial question exists is made on a case-by-case basis. **Commonwealth v. Sierra**, 752 A.2d 910 (Pa. Super. 2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** at 912–913.

In Appellant's brief, he condenses his challenges to the discretionary aspects of his sentence into one issue, thus combining issues two and three. Appellant's Brief at 15-16. Appellant first argues that the trial court considered an improper factor, specifically, former convictions that were more than twenty years old, when it fashioned his sentence. Appellant's

_____

[3] While Appellant included a Pa.R.A.P. 2119(f) statement, Appellant's Brief at 7, we conclude that it is deficient because it fails to articulate how his sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. **Commonwealth v. Dodge**, 77 A.3d 1263, 1271 (Pa. Super. 2013). However, because the Commonwealth has not objected to this deficiency, and because appellate review is not hampered, we decline to find waiver. **Id**.

Brief at 15. We note that an assertion that the trial court considered an improper factor in imposing sentence raises a substantial question. *Commonwealth v. Dowling*, 990 A.2d 788, 792 (Pa. Super. 2010). Appellant also avers that the trial court failed to consider mitigating factors when imposing sentence. Appellant's Brief at 16. This Court has held that such a claim presents a substantial question. *Raven*, 97 A.3d at 1253. Therefore, we will review the merits of Appellant's challenges.

Our standard of review in appeals of sentencing is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and this Court affords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957,

961 (Pa. 2007) (quotations and citations omitted).[4] When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "a court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

_____

[4] The *Walls* Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

In the case at bar, the trial court had the benefit of a presentence investigation report. N.T., 3/24/15, at 5. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." **Id**. (citing **Commonwealth v. Fowler**, 893 A.2d 758, 766-767 (Pa. Super. 2006)).

Here, the trial court heard the testimony from the witnesses, reviewed the presentence investigation report, had the opportunity to evaluate the remorse expressed by Appellant, and carefully articulated its reasons for the sentence imposed. N.T., Sentencing, 3/24/15, at 23-24; Trial Court Opinion, 6/3/15, at 4-5. Moreover, as the trial court pointed out, there is no authority for Appellant's position that the trial court was not permitted to consider Appellant's rape and robbery convictions simply because they were more than twenty years old. Trial Court Opinion, 6/3/15, at 4-5. Rather, the trial court is specifically instructed to consider, *inter alia*, all prior

convictions and juvenile adjudications when imposing sentence. 204 Pa. Code § 303.5.

Additionally, when the record conclusively establishes that the trial court was fully informed of all relevant factors, we presume that the trial court applied those factors in fashioning a sentence. ***Commonwealth v. Macias***, 968 A.2d 773, 778 (Pa. Super. 2009). Here, the sentencing court elected not to give mitigating factors as much weight as Appellant preferred and decided that the facts did not warrant the imposition of a lesser sentence. "We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court." ***Id***. After review, we discern no abuse of discretion in the sentences imposed.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015