J-S63016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TIMOTHY PATRICK DUNIGAN, IV, | |
| Appellant | No. 203 EDA 2016 |

Appeal from the Judgment of Sentence September 18, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001725-2013, CP-46-CR-0009163-2013

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 21, 2016**

Appellant, Timothy Patrick Dunigan, IV, appeals from the judgment of sentence entered on September 18, 2015, in the Montgomery County Court of Common Pleas. We affirm.

The record reveals that Appellant was born in 1993 and that the victim in this matter ("S.S."), who is Appellant's cousin, was born in 1997. N.T., 2/9/15, at 26.[1] When Appellant was eight or nine years old, he began

---

* Former Justice specially assigned to the Superior Court.

[1] This was a bench trial on stipulated facts, and the facts upon which the parties stipulated were gathered largely from the affidavits of probable cause at CP-46-CR-0001725-2013 and CP-46-CR-0009163-2013. N.T., 2/9/15, at 27, 30 (Commonwealth Exhibits C-2 and C-3).

touching S.S., who was only four or five years old, in a sexual manner.[2]
These incidents escalated, and while Appellant was still a juvenile, he
vaginally and anally raped S.S., digitally penetrated her vagina, licked her
vagina, fondled her breasts, and forced her to perform oral sex on numerous
occasions from 2001 through 2011. These assaults occurred often and were
coupled with threats of violence. After Appellant reached the age of
eighteen, he continued these assaults on S.S. as an adult. N.T., 2/9/15, at
26-48.

On May 10, 2013, Appellant was charged in a fifty-nine-count
information at CP-46-CR-0001725-2013 with the assaults committed while
he was an adult. On February 10, 2014, Appellant was charged with fifty-
one separate crimes at CP-46-CR-0009163-2013 in connection with the
assaults perpetrated against S.S. while Appellant was a juvenile.

In an opinion prepared pursuant to Pa.R.A.P. 1925(a), the trial court
set forth the procedural history of this matter as follows:

> On February 9, 2015, following a stipulated bench trial
> before the undersigned, [Appellant] was convicted in case No.
> 9163-13 of: rape of a child[1], involuntary deviate sexual
> intercourse [("IDSI")] with a child[2], aggravated indecent assault
> of a person less than thirteen years of age[3], and terroristic
> threats[4]. In case No. 1725-13, [Appellant] was convicted of
> rape[5], aggravated indecent assault with forcible compulsion[6],
> involuntary deviate sexual intercourse with forcible compulsion[7],
> and terroristic threats[8].

---

[2] We point out that Appellant is four years and three months older than S.S.,
and Appellant is not married to S.S.

<sup>1</sup> 18 Pa.C.S.A. §3121(c)
<sup>2</sup> 18 Pa.C.S.A. §3123(b)
<sup>3</sup> 18 Pa.C.S.A. §3125(b)
<sup>4</sup> 18 Pa.C.S.A. §2706(a)(1)
<sup>5</sup> 18 Pa.C.S.A. §3121(a)(2)
<sup>6</sup> 18 Pa.C.S.A. §3125(a)(2)
<sup>7</sup> 18 Pa.C.S.A. §3123(a)(2)
<sup>8</sup> 18 Pa.C.S.A. §2706(a)(1)

Stated in a nutshell, the evidence established that [Appellant] perpetrated a series of horrific sexual assaults against his young cousin over a period of years. These assaults included forcible anal and vaginal rape, forced oral sex, and forced digital penetration, sometimes accompanied by threats of physical violence if she resisted or reported his behavior.

[Appellant] appeared before the undersigned for sentencing on September 18, 2015. Following a lengthy hearing and careful consideration of the arguments of counsel, the pre-sentence investigation report [("PSI")], and the record in its entirety, the undersigned imposed sentence as follows:

On Count 1 of 1725-13 (rape): not less than five (5) nor more than ten (10) years imprisonment.

On Count 30 of 1725-13 (IDSI): not less than five (5) nor more than ten (10) years imprisonment, to run consecutively to the sentence imposed on Count 1.

On Count 15 of 1725-13 (aggravated indecent assault): not less than three (3) nor more than ten (10) years imprisonment, to run consecutively to the sentence imposed on Count 30.

On Count 51 of 1725-13 (terroristic threats): one (1) year probation to run concurrently with the sentence imposed on Count 15.

On Count 21 of 9163-13 (IDSI): not less than five (5) nor more than ten (10) years imprisonment to run consecutively to the sentence imposed on Count 15 of 1725-13.

On Count 6 of 9163-13 (rape of a child): not less than five (5) nor more than ten (10) years imprisonment to run concurrently with the sentence imposed on Count 21 of 9163-13.

On Count 36 of 9163-13 (aggravated indecent assault): not less than two (2) nor more than four (4) years imprisonment to run consecutively to the sentence imposed on Count 21 of 9163-13.

On Count 51 of 9163-13 (terroristic threats): one (1) year probation to run concurrently with the sentence imposed on Count 36 of 9163-13.

[Appellant] thus received an aggregate sentence of not less than twenty (20) nor more than forty-four (44) years [of] imprisonment.

On September 24, 2015, [Appellant] filed a timely post-sentence motion contending that the sentence imposed was unduly harsh and excessive and constituted an abuse of discretion. The undersigned denied [Appellant's] post-sentence motion by order dated December 8, 2015, following careful review of the record.

On January 7, 2016, [Appellant] filed a timely direct appeal to the Superior Court of Pennsylvania. On January 29, 2016, the undersigned received a copy of [Appellant's] statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). We believe that [Appellant's] Rule 1925(b) statement fails to raise any issue entitling him to appellate relief.

Trial Court Opinion, 2/9/16, at 1-3.

On appeal, Appellant raises the following issue for this Court's

consideration:

Did the Trial Court abuse its discretion by failing to take into account or by giving proper weight to the following factors in the case: the Appellant's age at the time of the initial crimes; the fact that most of the crimes took place while Appellant was a minor; and Appellant's age at the time of sentencing?

- 4 -

Appellant's Brief at 5.

Appellant's claim of error is a challenge to the discretionary aspects of his sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant filed a timely appeal; Appellant preserved the issue in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question with respect to the issue he presents.

Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super.

2001). As to what constitutes a substantial question, this Court does not accept bald assertions of sentencing errors. *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). An appellant must articulate the reasons the sentencing court's actions violated the sentencing code. *Id*. "A substantial question will be found where the defendant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Ventura*, 975 A.2d 1128, 1133 (Pa. Super. 2009) (citations omitted).

The crux of Appellant's argument is that his sentence is excessive and that the trial court erred in failing to consider mitigating factors.[3] "[T]his Court has held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014). Accordingly, we consider the merits of Appellant's challenges to his sentence.

Our standard of review in sentencing appeals is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal

---

[3] *See* Appellant's Brief at 9 (Pa.R.A.P. 2119(f) statement in which Appellant claims the trial court could have imposed a sentence in the mitigated range of the Sentencing Guidelines, but the court failed to consider mitigating factors such as Appellant's age and that the sentence will insure Appellant is incarcerated, at a minimum, into his forties).

- 6 -

absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Mann**, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and appellate courts afford the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall effect and nature of the crime. **Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[4] When imposing a

_____

[4] The **Walls** Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*(Footnote Continued Next Page)*

- 7 -

sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

Moreover, it is well settled that sentencing courts are not bound by the Sentencing Guidelines; they are merely advisory. *Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted). The sentencing court may deviate from the Sentencing Guidelines, because they are one factor among many that the court must consider when imposing a sentence. *Id*. (citation omitted). The sentencing court "may depart from the [G]uidelines if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community." *Id*. (internal quotation marks and citation omitted).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

*Walls*, 926 A.2d at 963.

As noted above, in the case at bar, the trial court had the benefit of a PSI. "Our Supreme Court has determined that where the trial court is informed by a [PSI], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Ventura**, 975 A.2d at 1135 (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the [PSI]; thus properly considering and weighing all relevant factors." **Id**. (citing **Commonwealth v. Fowler**, 893 A.2d 758, 766-767 (Pa. Super. 2006)).

After review, we discern no abuse of discretion. As this Court previously stated, when the record conclusively establishes that the sentencing court was fully informed of all the mitigating factors:

> [w]e presume that the court, which was in possession of those facts, applied them . . . . The sentencing court merely chose not to give the mitigating factors as much weight as Appellant would have liked and decided that the facts did not warrant imposition of a sentence lower than the standard range. We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court.

**Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009).

The record reflects that Appellant engaged in the violent sexual abuse of his younger cousin for over a decade. Here, the trial court reviewed the PSI, had the opportunity to evaluate the remorse expressed by Appellant, and carefully articulated its reasons for the sentence imposed. N.T.,

9/18/15, at 66-76. The trial court specifically addressed Appellant's age and the fact that many of the crimes were committed when Appellant was a juvenile. *Id*. at 72-74. Accordingly, Appellant's claim that the trial court imposed an excessive sentence and failed to consider mitigating factors is without merit; we will not re-weigh those factors and impose our judgment in the place of the sentencing court. *Macias*, 968 A.2d at 778.

Finally, we note that in the argument portion of Appellant's brief, he mentions that the trial court had the discretion to impose concurrent, as opposed to consecutive, sentences. Appellant's Brief at 23. This discrete argument was not raised in Appellant's Pa.R.A.P. 1925(b) statement or his Pa.R.A.P. 2119(f) statement; therefore, this issue is waived. *See Commonwealth v. Gibbs*, 981 A.2d 274, 283-284 (Pa. Super. 2009) (noting that where an appellant does not raise a discretionary aspects of sentence challenge in his Pa.R.A.P. 1925(b) statement or in his Pa.R.A.P. 2119(f) statement, we find the discretionary aspects of sentence claim waived on appeal). However, if we were to address this issue we would conclude that the imposition of consecutive sentences is within the discretion of the trial court, *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013), and what Appellant is requesting is precisely the construct that has been denied for decades: a volume discount on his crimes. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). Appellant could have ceased his relentless assaults on S.S. at any time

during the nearly eleven-year-long period over which they occurred; he chose, however, to continue these attacks resulting in additional criminal charges.[5]

After review, we conclude that there is no indication that the trial court failed to consider or improperly weighed any relevant factors in fashioning Appellant's sentence. Accordingly, it is our determination that there was no abuse of discretion, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/21/2016</u>

---

[5] We observe that the trial court imposed standard-range sentences when it could have imposed much longer sentences. Indeed, the Commonwealth requested the trial court to sentence Appellant in the aggravated range of the Sentencing Guidelines on each of the eight counts and order each sentence to be served consecutively. N.T., 9/18/15, at 63.