**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Steven MANN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2008.

Filed Sept. 17, 2008.

James J. Karl, Public Defender, Lancaster, and Steven Mann, Pro Se, for appellant.

Donald R. Totaro, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., ALLEN and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, Steven Mann, appeals from the judgment of sentence imposed following his conviction of DUI, possession of drug paraphernalia, and terroristic threats. The question to be resolved is whether the trial court erred in granting defense counsel's request that no credit for time served be included in the sentencing order so that the time could later be applied by the Board of Probation & Parole

as back time to Appellant's original sentence. We hold that because the Board is without jurisdiction to apply credit when it is omitted from a sentencing order, the sentencing court must include credit for time served in the order imposing sentence for an appellant's new offenses. We vacate and remand.

¶ 2 Appellant was convicted on November 13, 1998, of burglary and related charges, and received an aggregate sentence of four to eight years' incarceration.[1] He was paroled on August 2, 2004. On September 15, 2005, while on state parole, Appellant was arrested and charged with the offenses listed above.[2]

¶ 3 Following a Board of Probation and Parole (Board) hearing on September 19, 2005, a detainer was lodged, ensuring Appellant's incarceration until the disposition of his new 2005 charges. Appellant did not post bond on these new charges and he remained incarcerated until his jury trial on July 11, 2006. The trial court sentenced him on July 13, 2006, imposing an aggregate sentence of one and one-half to three years' incarceration.[3] At sentencing, Appellant's trial counsel specifically requested that no credit for time-served be applied to the new sentence, but rather that it be reserved to "go on his state [parole violations]." (N.T. Trial & Sentencing, 7/13/06, at 235). The court granted the request as follows: "[Appellant] is

given no time credit for any of the time spent on these charges and that time is to go towards other matters, the state parole violations." (*Id.* at 240).[4] On September 28, 2006, the Board found Appellant to be in violation of his state parole and directed him to serve nine months of back time.

¶ 4 Appellant did not appeal his sentence directly, but on November 19, 2006 he filed a *pro se* "petition for credit for imprisonment while in custody prior to sentence," in which he asked the court to credit to his sentence the 267 days served between September 15, 2005, when he was arrested, and July 13, 2006, when he was sentenced on the new convictions. The sentencing court denied the petition, and this direct appeal was filed on January 19, 2007.

¶ 5 Appellant presents a single issue on appeal, the same claim that was the subject of his *pro se* petition with the sentencing court—that he is entitled to 267 days credit for the time he was incarcerated awaiting disposition on the new charges.[5] He argues that although his counsel originally requested that the credit not be applied to his newest disposition, this request was not legally appropriate, since he was entitled to the credit, and the sentencing court was not at liberty to reserve the credit for a later parole disposition. He argues that only the sentencing court or this Court can remedy a failure to apply

---

1. He also received a concurrent term of ninety days' probation for a criminal mischief conviction.

2. Appellant was also charged with aggravated harassment by prisoner but was acquitted of this offense.

3. This sentence reflects the term imposed for the terroristic threats conviction; the sentences for DUI and possession of drug paraphernalia were concurrent terms of three to six months and six to twelve months respectively.

4. Appellant did ultimately receive 5 days credit for time served, (*See* Guidelines Sentence Form, submitted 8/15/06), representing the time he spent in Lancaster County Prison waiting for his preliminary hearing, and the time spent there waiting for and during his trial. The remaining time of his incarceration, between his initial arrest for DUI and his sentencing, was served at SCI–Mercer.

5. Appellant was appointed counsel for this appeal, and a counseled brief was filed with this Court.

time-served credit when it has not been accounted for in the sentencing order; the Board of Probation and Parole is without jurisdiction to cure the error, as is the Commonwealth Court on review of the Board's disposition. Further, the Commonwealth has not filed a brief in opposition to this appeal, but instead has sent a letter stating that it does not oppose remand to correct the sentence. (Commonwealth Letter, filed 9/28/07). We agree with Appellant and remand.

¶ 6 Our standard of review in appeals of sentencing is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Ford,* 947 A.2d 1251, 1252 (Pa.Super.2008) (citation omitted). The sentencing code provides:

§ 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court **shall** give **credit** as follows:

(1) **Credit** against the maximum term and any minimum term **shall** be given to the defendant for **all time** spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. **Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.**

42 Pa.C.S.A. § 9760(1) (emphasis added). "The principle underlying section 9760 is that a defendant should be given credit for time spent **in custody** prior to sentencing for a particular offense." *Commonwealth v. Fowler,* 930 A.2d 586, 595 (Pa.Super.2007) (citation omitted) (emphasis in original), *appeal denied,* 944 A.2d 756 (Pa. 2008). "If a defendant … remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody **shall be credited to his new sentence.**" *Gaito v. Pa. Bd. of Probation & Parole,* 488 Pa. 397, 412 A.2d 568, 571 (1980) (emphasis added). "Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement **must be credited** to either the new sentence or the original sentence." *Martin v. Pa. Bd. of Probation & Parole,* 576 Pa. 588, 840 A.2d 299, 309 (2003). The Department of Corrections, an executive agency, has no power to change sentences, or to add or remove sentencing conditions, including credit for time served; this power is vested in the sentencing court. *See McCray v. Pa. Dept. of Corrections,* 582 Pa. 440, 872 A.2d 1127, 1133 (2005).

¶ 7 The proper application of time-served credit has presented some difficulties to Pennsylvania courts in cases where defendants are convicted of crimes which are parole violations; in such cases a defendant is often subject to incarceration for the new offense, as well as some additional period of re-incarceration on the sentence from which he or she was paroled. The difficulties arise in part because two distinct adjudicatory systems are involved: the trial court and this Court have jurisdiction over the sentences themselves, yet the Department of Corrections,

through the Board of Probation and Parole, is charged with making determinations as to parole eligibility, and managing the sentences of defendants who have been paroled and have violated the terms of their release. The decisions of the Board are reviewed primarily by the Commonwealth Court.

¶ 8 In *Gaito, supra,* our Supreme Court considered the time-served credit claim of an appellant who, pending adjudication on new criminal charges, had remained incarcerated on a Board detainer; the Board ultimately applied the time served to the original sentence from which the appellant had been paroled. *Id.* at 569. The appellant argued that the credit should have been applied to his new sentence, citing *Rodriques v. Pa. Bd. of Prob. & Parole,* 44 Pa.Cmwlth. 68, 403 A.2d 184 (1979), which held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Id.* at 185–86; *Gaito, supra* at 571. The *Gaito* Court specifically adopted this rationale and held:

> if a defendant is being held in custody **solely** because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.[6]

---

6. It is clear, of course, that if a parolee is not convicted, or if no new sentence is imposed for that conviction on the new charge,

the pre-trial custody time must be applied to the parolee's original sentence.

*Id.* (emphasis in original). The *Gaito* Court remanded the case for a determination of whether the appellant had satisfied bail conditions on the new charges. *Id.*

¶ 9 The Commonwealth Court applied *Gaito* in subsequent cases, ultimately developing a rule that "crediting [a period of presentence confinement to back-time] would occur *only* when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Rodriques, supra,* at 185–86. This rule left some appellants, those who had detainers but who had not satisfied bail, without clear relief.

¶ 10 In *Berry v. Pa. Bd. of Probation and Parole,* 756 A.2d 135 (Pa.Cmwlth. 2000), the petitioner argued that because the sentence of confinement for his new charges was shorter than the time he had spent in custody awaiting disposition, the excess time should be credited to the original sentence. The *Berry* Court upheld the Board's refusal to credit him with the time because he had pled *nolo contendere* to the new charges, and was thus "convicted" and "sentenced" to time served; therefore, the *Gaito* footnote did not apply and the Board had not erred as a matter of law. *Martin, supra,* at 308.

¶ 11 However, in *Martin v. Pa. Bd. of Probation & Parole,* 576 Pa. 588, 840 A.2d 299 (2003), our Supreme Court overruled the Commonwealth Court's application of *Gaito.* In *Martin,* the Commonwealth Court had relied on its disposition in *Berry, supra,* and the Supreme Court held that the rule as applied in *Berry* improperly denied sentencing credit. The *Martin* Court therefore reversed, explaining that "where an offender is incarcerated on both a Board detainer and new criminal

charges, all time spent in confinement must be credited to either the new sentence or the original sentence." *Id.* at 309. Further, *Martin* ruled that the Board had authority to apply the time-served credit to back-time, even though the petitioner's confinement was the "result of **both** the detainer for a parole violation **and** the failure to meet conditions of bail on the new offense." *Id.* (emphasis in original).

¶ 12 Two years after *Martin*, the Commonwealth Court considered the case of a paroled petitioner who was arrested on new charges, and remained incarcerated prior to trial on both a Board detainer and the new charges. In *Melhorn v. Pa. Bd. of Probation & Parole*, 883 A.2d 1123 (Pa. Cmwlth.2005), *rev'd*, 589 Pa. 250, 908 A.2d 266 (2006), the appellant sought to have the Board credit time served to his back-time, but the Board refused, stating that it was illegal to do so. *Id.* at 1126. On appeal, the Board asserted that under *Gaito* and *Martin*, the fact that the appellant had not posted bail on the new charges meant that the time served must be credited to the sentence related to the new charges, and the trial court should have applied the credit at sentencing. *Id.* The Board, citing *McCray*, *supra*, also argued that because the trial court had not awarded the credit, the appellant's only legal recourse was to the sentencing court. *Id.* at 1128. The Commonwealth Court held that because the Board's decision deprived the appellant of receiving proper credit for time served, the dictates of *Martin* and *Gaito* required reversal. Further, because the appellant was already on parole from his new sentence, the Court concluded that the only way to apply the credit was to the appellant's back-time, as he requested. *Id.* at 1129. In a brief *per curiam* order, the Pennsylvania Supreme Court reversed *Melhorn*, citing *McCray*, *Gaito*, and 42 Pa.C.S.A. § 9760. *Melhorn v. Pa. Bd. of Probation and Parole*, 589 Pa. 250, 908 A.2d 266 (2006).

¶ 13 In *Armbruster v. Pa. Bd. of Probation & Parole*, 919 A.2d 348 (Pa.Cmwlth. 2007), the Commonwealth Court acknowledged the jurisdictional limitations implied by the *Melhorn* reversal. It opined that "pursuant to *Melhorn* and *McCray*, where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the Board." *Id.* at 356.

¶ 14 While no single case offers a specific, unified, time-served credit application schema, we read *Gaito*, *Martin*, and *McCray* together as providing a resolution to the questions of where time-served credits are to be applied and by which adjudicatory body: all time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. *Gaito*, *supra*. If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court. *See Id.*; *see Martin*, *supra*. In this circumstance, the credit must be applied by the trial court as a sentencing condition, as the Board and the Commonwealth Court have no jurisdiction to alter sentencing conditions on later review. *See McCray*. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, *see Martin*, *supra*, but the sentencing court must specify "time served" in the sentencing order for the new offense, so that the Board will be able to apply the credit. *See McCray*.

¶ 15 Here, Appellant did have a Board detainer, but did not satisfy bail. Accordingly, the time he served prior to disposition of the new offenses should have

been credited to his new sentence. *See Gaito, supra; see Martin, supra.* Thus, even though defense counsel specifically asked the trial court not to award any credit for the time Appellant was incarcerated prior to adjudication on the new charges, preferring that such credit be "reserved" for application to his imminent recommitment to serve the "back-time" on the parole violation, it was error for the trial court to comply with the request since the Board was without power to add any time-served credit to the sentence. Thus, in order to ensure that Appellant received the credit he is entitled to, the sentencing court was compelled to apply the credit at sentencing and include it in the sentencing order. *See id; McCray, supra;* 42 Pa. C.S.A. § 9760(1).

¶ 16 Accordingly, we vacate the judgment of sentence, and remand. The sentencing court is instructed to apply credit to the balance of Appellant's new sentence for all the time he was in custody between his arrest on the new charges and his sentencing for those offenses. In the event the credit exceeds his remaining time, it may be applied to his original sentence. In either event, the sentencing court must issue a sentencing order granting time-served.

¶ 17 Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.