J-S17018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE BROWN, | |
| Appellant | No. 820 WDA 2015 |

Appeal from the Judgment of Sentence April 14, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0008579-2014, CP-02-CR-0008582-2014

BEFORE:  GANTMAN, P.J., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 18, 2016**

Appellant, Tyrone Brown, appeals from the judgment of sentence entered on April 14, 2015, in the Allegheny County Court of Common Pleas. We affirm.

The relevant facts of this case were set forth by the trial court as follows:

> Briefly, the evidence presented at trial established that [Appellant] had been in a romantic relationship with Charde Hill for approximately four (4) years and they had two (2) children together.  At some point the relationship had soured and the two were no longer romantically involved.  On May 31, 2014, [Appellant] was watching his two (2) children as well as Ms. Hill's other two (2) children (not [Appellant's]) while Ms. Hill ran errands.  At some point during her errands, she discovered that

_____

[*]  Former Justice specially assigned to the Superior Court.

she had missed 14 calls from [Appellant]. When she returned his call, he accused her of leaving her children with him so she could perform sexual acts on another person, and told her "wait till you get home." (Trial Transcript, p. 6). When Ms. Hill did arrive home, [Appellant] squeezed her neck with his hands and then put a hand over her mouth and nose so she could not breath. One of Ms. Hill's children called 911 and she managed to escape with her children and drove them to a nearby church until the police arrived. By the time they arrived, [Appellant] was gone.

On June 2, 2014, Ms. Hill obtained a temporary Protection from Abuse Order [("PFA")]. Thereafter, Officer Ryan Deloplaine of the Pittsburgh Police Department contacted [Appellant] by telephone and advised him that the PFA had been entered and that he was to have no contact with Ms. Hill or her children and that he was not permitted near Ms. Hill's residence. [Appellant] indicated he understood and would be stopping down to the police station to pick up the hard copy of the PFA.

On June 6, 2014, [Appellant] called Ms. Hill between 20 and 25 times, sent her approximately 10 text messages expressing his displeasure with [their] child custody agreement and threatening to kill her. (T.T. p. 18-19). Ms. Hill did not respond. Later that evening, Ms. Hill was in her bedroom when she heard tapping on the window and saw [Appellant] standing outside her bedroom window. By the time the police arrived, [Appellant] had fled.

Then, on June 16, 2014, at approximately 2:00 a.m., Ms. Hill was sleeping in her bed with one of her daughters when she was awakened by a loud noise. She sat up and saw that her window had been broken and [Appellant] was in her bedroom. He was intoxicated and was screaming at her. Ms. Hill told him she had to put her daughter to bed and after doing so, ran out of the house, hid behind a dumpster and called police. [Appellant] was apprehended in the woods behind her property.

Trial Court Opinion, 9/22/15, at 2-3.

Appellant was charged with burglary and possession of a controlled substance at trial court docket number CP-02-CR-8579-2014 in connection

with the entry into Ms. Hill's home on June 16, 2014. At docket number CP-02-CR-8582-2014, Appellant was charged with terroristic threats and simple assault as a result of his attack on Ms. Hill that occurred on May 31, 2014. Following a jury trial, Appellant was found guilty of all charges on January 28, 2015. On April 14, 2015, the trial court sentenced Appellant to a term of four to eight years of incarceration for burglary, followed by a consecutive sentence of one to two years of incarceration for terroristic threats.[1] This resulted in an aggregate term of five to ten years of imprisonment. Timely post-sentence motions were filed on April 22, 2015. The trial court denied Appellant's post-sentence motions in an order filed on April 23, 2015.

Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant presents the following issues for this Court's consideration:

> I. [Whether] the verdict of guilty on the count of burglary was rendered against the weight of the evidence presented, as [Appellant] could not violate a protection from abuse order never served upon him?
>
> II. Did the lower court abuse its discretion when it sentenced [Appellant] to a manifestly excessive total sentence of five to ten years of incarceration?

Appellant's Brief at 5 (full capitalization omitted).

---

[1] The trial court entered a determination of guilt without further penalty on the remaining charges.

In his first issue on appeal, Appellant asserts that the verdict was against the weight of the evidence. We note that in order to be properly preserved, a weight of the evidence claim must be raised either in a post-sentence motion, a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; *Commonwealth v. Priest*, 18 A.3d 1235, 1239 (Pa. Super. 2011). In the case at bar, Appellant properly preserved this issue by presenting it in his April 22, 2015 post-sentence motion.

We review a weight of the evidence challenge according to the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [jury] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [jury's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Tejada*, 107 A.3d 788, 795-796 (Pa. Super. 2015), *appeal denied*, 119 A.3d 351 (Pa. 2015) (citation omitted).

Appellant bases his argument on the fact that Appellant was never served with the PFA. Appellant's Brief at 20. While Appellant is correct that he was never formally served with the PFA, he is entitled to no relief.

Under certain circumstances, personal service of the PFA is not mandated. In discussing the ramifications of a failure of personal service of a PFA, this Court has explained as follows:

> [S]ince the point of the [PFA] statute is to protect the victim from injury or death at the hands of the abuser, resort may be had to extraordinary measures when necessary to ensure that orders designed to provide protection actually do so. Otherwise, the intent of the statute could not be implemented, since emergency *ex parte* orders would be rendered nugatory until personal service was effected.

**Commonwealth v. Padilla**, 885 A.2d 994, 997-998 (Pa. Super. 2005) (citation omitted). In **Padilla**, even though actual service of a PFA order was not proven, this Court was satisfied that the appellant had notice because he was informed of the PFA through a telephone conversation with a police sergeant. **Id**. at 996. Similarly, in **Commonwealth v. Staton**, 38 A.3d 785 (Pa. 2012), our Supreme Court held that while the appellant did not receive personal service of the PFA, the jury was permitted to infer notice. **Id**. at 794-795. Specifically, the jury found that the appellant had actual knowledge of the PFA based on evidence that established that the appellant hid when the sheriff attempted service and third-party testimony that the appellant had been informed of the existence of the PFA. **Id**. The Supreme Court held that this finding of notice was based on the jury's credibility determination, and it could not disturb that finding. **Id**. at 795.

Herein, the record provides ample evidence from which the jury could have concluded that Appellant had actual notice of the PFA even if it was not

properly served. Officer Deloplaine testified that he contacted Appellant by phone to inform him that Ms. Hill had secured a PFA against him. N.T., 1/28/15, at 58-59. Officer Deloplaine testified that he explained that the PFA prohibited Appellant from having any contact with Ms. Hill. *Id*. at 59-60.[2] Thus, similar to the scenario in *Padilla*, the phone conversation between Officer Deloplaine and Appellant allowed the jury to conclude that Appellant had actual notice of the PFA.

Because we conclude that Appellant had notice of the PFA, Appellant knew that he was excluded from the residence and ordered to stay away from Ms. Hill. Despite being on notice of the PFA, Appellant violated it by breaking into Ms. Hill's residence. For these reasons, we discern no abuse of discretion in the trial court denying Appellant's motion for a new trial based on the weight of the evidence, as nothing in the verdict shocks our sense of justice. *Tejada*, 107 A.3d at 795-796.

Next, Appellant contends that trial court abused its discretion when it sentenced him to an aggregate sentence of five to ten years of incarceration. Appellant's Brief at 24. Specifically, Appellant argues that the sentence was

_____

[2] Appellant points out that while Officer Deloplaine contacted Appellant by telephone, the officer signed the affidavit of service on the PFA without actually serving the PFA. N.T., 1/28/15, at 63-64. While we do not condone the officer's action, or lack thereof, his failure does not automatically negate notice because the officer contacted Appellant by telephone. *Padilla*, 885 A.2d at 997-998.

manifestly unreasonable, and the trial court erred in failing to consider his lifelong struggle with alcohol abuse. Appellant's Brief at 7.

These claims present challenges to the discretionary aspects of Appellant's sentence. It is well settled that a challenge to the discretionary aspects of a sentence is a petition for permission to appeal, as the right to pursue such a claim is not absolute. *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014). Before this Court may review the merits of a challenge to the discretionary aspects of a sentence, we must engage in the following four-pronged analysis:

> [W]e conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

We note that Appellant has met the first three parts of the four-prong test: Appellant timely filed an appeal; Appellant preserved the issues in a post-sentence motion; and Appellant included a statement pursuant to Pa.R.A.P. 2119(f) in his brief. Thus, we next assess whether Appellant has raised a substantial question with respect to the issues he raised.

A determination as to whether a substantial question exists is made on a case-by-case basis. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super.

2000). This Court will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* at 912–913.

In Appellant's brief, he argues that his sentence was excessive and that the trial court failed to consider relevant sentencing factors including his struggles with alcohol. Appellant's Brief at 7-8. We conclude that Appellant's claim that the trial court failed to consider all relevant factors presents a substantial question for our review. *Commonwealth v. Bricker*, 41 A.3d 872, 875 (Pa. Super. 2012). Therefore, we will review the merits of Appellant's challenges.

> Our standard of review in appeals of sentencing is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Mann*, 957 A.2d 746, 749 (Pa. Super. 2008).

A sentencing judge has broad discretion in determining a reasonable penalty, and this Court affords the sentencing court great deference, as it is the sentencing court that is in the best position to view the defendant's character, displays of remorse, defiance, or indifference, and the overall

- 8 -

effect and nature of the crime. *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quotations and citations omitted).[3] When imposing a sentence, the sentencing court must consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). As we have stated, "[A] court is required to consider the particular circumstances of the offense and the character of the defendant." *Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002). In particular, the sentencing court should refer to the defendant's prior criminal

_____

[3] The *Walls* Court instructed the following:

> In making this "unreasonableness" inquiry, the General Assembly has set forth four factors that an appellate court is to consider:
>
> (d) Review of the record.—In reviewing the record the appellate court shall have regard for:
>
>> (1) The nature of the circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any pre-sentence investigation.
>>
>> (3) The findings upon which the sentence was based.
>>
>> (4) The guidelines promulgated by the commission.
>
> 42 Pa.C.S. § 9781(d).

*Walls*, 926 A.2d at 963.

record, his age, personal characteristics, and his potential for rehabilitation. *Id*.

In the case *sub judice*, the trial court had the benefit of a presentence investigation report. N.T., 4/14/15, at 2. "Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted). "The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors." *Id*. (citing *Commonwealth v. Fowler*, 893 A.2d 758, 766-767 (Pa. Super. 2006)).

Herein, the trial court heard the testimony from the witnesses, reviewed the presentence investigation report, had the opportunity to evaluate the remorse expressed by Appellant, and carefully articulated its reasons for the sentence imposed. N.T., Sentencing, 3/24/15, at 2-6. Where the record conclusively establishes that the trial court was fully informed of all relevant factors, we presume that the trial court applied those factors in fashioning a sentence. *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). The sentencing court here considered the

relevant factors including Appellant's prior criminal history, prior failures while on probation and parole, alcohol abuse, and the unlikely possibility that Appellant will be rehabilitated. N.T., Sentencing, 3/24/15, at 5-6. Nevertheless, the trial court opted to sentence Appellant in the standard range of the sentencing guidelines. *Id*. at 6. After review, we discern no abuse of discretion in the sentences imposed. This Court will not re-weigh the sentencing factors and impose our judgment in place of the sentencing court. *Macias*, 968 A.2d at 778. For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Justice Fitzgerald joins the Memorandum.

P.J. Gantman concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2016