J-S68028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JACOB JAMES TARR | |
| Appellant | No. 151 WDA 2016 |

Appeal from the Judgment of Sentence dated November 19, 2015
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000454-2015
CP-42-CR-0000455-2015

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                **FILED NOVEMBER 08, 2016**

Appellant Jacob James Tarr appeals from the judgment of sentence entered November 19, 2015, in the Court of Common Pleas of McKean County.  Appellant argues that the trial court erred in denying him credit for time served (95 days) toward his sentence.  We vacate and remand.

In July 2015, while on state parole for prior offenses, Appellant was charged with, among other things,[1] unauthorized use of an automobile[2] (CP-42-0000454-2015) and furnishing liquor to minors[3] (CP-42-CR-000455-

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The other charges were later dismissed.

[2]  18 Pa.C.S. § 3928.

[3]  18 Pa.C.S. § 6310.1.

2015). In connection with CP-42-0000454-2015, Appellant was incarcerated on July 16, 2015, and bail was set at $20,000. In connection with CP-42-CR-000455-2015, bail was set at $2,000 on July 23, 2015. Appellant was unable to post bail in either case.

On November 19, 2015, the trial court imposed an aggregate sentence of 9 to 24 months of incarceration for these offenses, with no credit for time served. At the sentencing hearing, the court explained that the time Appellant was incarcerated between his arrest on July 16, 2015, and November 19, 2015, would not be credited toward his new sentence "because all the time that he has incurred so far . . . goes towards any State Parole Detainer" associated with his prior offenses. N.T. 11/19/15, at 9. The trial court concluded that Appellant's failure to post bail for his current offenses did not affect the allocation of credit for time served. *Id.* at 10. On November 30, 2015, Appellant filed a motion to reconsider/modify sentence, which the trial court denied on December 28, 2015.

Appellant filed a timely appeal, in which he raises the following issue:

> Whether the trial court misapplied the law in failing to give the Defendant credit for time served awaiting disposition on new charges toward his new sentence?

Appellant's Brief at 2. In a Rule 1925(a) opinion, the trial court reiterated the same reasons for not crediting time served as it stated at the sentencing hearing. See Trial Court Opinion, 5/2/16, at 1.

"A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." ***Commonwealth v.***

- 2 -

*Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Thus, our review is plenary and *de novo*. **See Commonwealth v. Lomax**, 8 A.3d 1264, 1267 (Pa. Super. 2010).

> The relevant portion of the Sentencing Code provides:
>
> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

In **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008), this Court addressed the manner in which credit for time served is to be apportioned where a defendant is awaiting trial for new charges while simultaneously awaiting disposition of an alleged parole/probation violation associated with previous offenses:

> [A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. **If the defendant is incarcerated prior to disposition, and has both a detainer and has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court.** In this circumstance, the credit must be applied by the trial court as a sentencing condition, as the Board and the Commonwealth Court have no jurisdiction to alter sentencing conditions on later review. If the new sentence is shorter than the time served, the balance can be applied to the original sentence, but the sentencing court must specify "time served" in the sentencing order for the new offense, so that the Board will be able to apply the credit.

*Mann*, 957 A.2d at 751 (emphasis added) (internal citations omitted).

- 3 -

Appellant argues that, under **Mann**, the trial court was required to apply the credit for the time he was incarcerated, due to both a state parole detainer and his inability to post bail on his new offenses, to his new sentence. We agree. The above-quoted language from **Mann** clearly requires this result.[4]

In declining to apply credit for time served to Appellant's new sentence, the trial court relied on the following language from an earlier portion of the **Mann** opinion: "Where an offender is incarcerated on both a Board [of Probation and Parole] detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Trial Court Opinion, 5/2/16, at 1 (quoting **Mann**, 957 A.2d at 749). This sentence states the general requirement of the Sentencing Code that credit must be given for time spent in confinement by applying it to either the original sentence or the new sentence, but it does not address which of the two sentences is to be credited. We answered that question in the later passage of the **Mann** opinion, where, after extensively reviewing the case law, we held that when, as here, the defendant is both incarcerated on a parole detainer and incarcerated on new charges because

_____

[4] The Commonwealth did not file a brief in this case. By a letter dated July 19, 2016, the Commonwealth explained: "After review of Appellant's brief and the issue appealed, the Commonwealth does not oppose the appeal. Based on a review of the relevant case law, the Commonwealth agrees that the case should be remanded for resentencing."

of an inability to make bail, the credit for time served prior to the disposition of the new offenses must be applied to the new sentence by the sentencing court. **See Mann**, 957 A.2d at 751.

Accordingly, we vacate the judgment of sentence and remand with the instruction that the sentencing court is to apply credit for the 95 days Appellant was in custody between his arrest on the new charges and his sentencing for those offenses to the balance of Appellant's new sentence.

Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/8/2016