J-S81020-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL R. RILEY | |
| Appellant | No. 1008 MDA 2017 |

Appeal from the Judgment of Sentence imposed March 7, 2017
In the Court of Common Pleas of the 17th Judicial District
Union County Branch
Criminal Division at No: CP-60-CR-0000194-2016

BEFORE: PANELLA, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 23, 2018**

Appellant, Michael R. Riley, appeals from the judgment of sentence imposed on March 7, 2017 by the Court of Common Pleas of the 17th Judicial District, Union County Branch.[1] Appellant challenges the trial court's determination that credit for time served while on a parole detainer was not to be applied to time spent in custody on the charges underlying the March 7, 2017 judgment of sentence. Upon review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying his post-sentence motion. Appellant's Brief at 3. It is well established, however, that in a criminal action, an appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions. **See**, **e.g.**, **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n.2 (Pa. Super. 2001).

The relevant procedural history can be summarized as follows. On May 7, 2016, Appellant committed the crimes of simple assault, false identification to law enforcement, two counts of disorderly conduct, and harassment. At the time Appellant was on state parole. On that same day and unrelated to these new crimes, the Pennsylvania Board of Probation and Parole (the "Board"), issued a detainer for Appellant for technical parole violations and he was placed in a county prison pursuant to the state parole detainer.

On May 16, 2016, Appellant was charged with simple assault, false identification to law enforcement, two counts of disorderly conduct, and harassment.

On June 3, 2016, the Board entered an order recommitting Appellant as a technical parole violator to serve nine months for multiple technical parole violations (change of residence without permission, and failure to successfully complete the "Kintock Erie" program), with automatic release on parole on February 7, 2017. *See* Notice of Board Decision, June 3, 2016, at 1-2; *see also* N.T. Plea Hearing, 10/13/16, at 9-11. The Board ordered that the recommitment be effective as of May 7, 2016, the date on which Appellant was incarcerated under the state parole detainer.

On June 9, 2016, a magisterial district judge set bail for the May 16, 2016 charges at $5,000.00 cash, which Appellant did not post.

On October 13, 2016, Appellant pled guilty to one count of simple assault, a misdemeanor of the second degree at which time the trial court modified Appellant's bail to $5,000.00 unsecured bail. Appellant however,

remained incarcerated as a result of being recommitted by the Board as a result of his technical parole violations.

On November 18, 2016, the Board "note[d] conviction at Union County, indictment #194-2016" but took "no action as to that conviction" and "refer[ed] to Board action of 06/03/2016, to recommit as a technical parole violator to a state correctional institution/contracted county jail to serve 9 months & reparole 02/07/2017." Notice of Board Decision, 11/18/16.

On March 7, 2017, the trial court sentenced Appellant to incarceration of six to twenty-four months in a state correctional institution as agreed for pleading guilty to a single count of simple assault arising out of the May 16, 2016 charges. Appellant received credit against this new sentence for twenty-seven days for the time served from February 8, 2017 to March 6, 2017; that being the time after which he was released back on state parole after his recommitment expired to the day before his March 7, 2017 sentencing. At sentencing, Appellant argued that he was entitled to credit against his new sentence for all time served from May 7, 2016 through October 13, 2016, that being the time he was incarcerated due to the Board's detainer for technical parole violations through the time he pled to simple assault and was released on unsecured bail for that crime. Appellant renewed this claim in post-sentence motions, which were denied by the trial court on April 6, 2017. Both the Appellant and the trial court complied with Pa.R.A.P. 1925. In this appeal, Appellant renews his claim for time credit as presented before the trial court.

Appellant argues:

[T]here can be little doubt that this Court's holding in [**Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008)] and its progeny make abundantly plain that when a parole detainer and detention based upon new criminal charges compete for credit, that credit must be applied to the new sentence. A clearer, unassailable directive is hard to fathom.

Appellant's Brief at 10. Appellant's argument is misplaced.

A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence. **Commonwealth v. Tobin**, 89 A.3d 663, 669 (Pa. Super. 2014).

Section 9760 governs credit for time served, which, in relevant part, provides:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

***

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that is not been credited against another sentence.

42 Pa.C.S.A. § 9760(1), (4).

In construing Section 9760, this Court in **Mann** held that all time served by a parole violator while awaiting disposition on new charges must be

- 4 -

credited to the original sentence if he or she remains in custody solely on a Board detainer. *Mann*, 957 A.2d at 751. However, if a defendant is incarcerated prior to disposition on new charges, and has both a detainer and has failed for any reason to satisfy bail on the new charges, time credit must be applied to the new sentence. *Id.* Therefore, if the facts were such that the reason for Appellant's incarceration prior to disposition of the May 16, 2016 charges were due solely to the new charges and not the Board detainer, Appellant would be correct that the time claimed should have been credited against his sentence on these new charges. However, those are not the facts in this case.

The Board lodged its detainer against Appellant as of May 7, 2016, the day Appellant was picked up as result of his technical violation of his state parole and ordered that his recommitment commence as of May 7, 2016, and to continue for a period of 9 months, until February 7, 2017. *See* N.T. Plea Hearing, 10/13/16, at 9-11; Board's Recommitment Order, 6/3/16. Therefore, the time Appellant spent incarcerated (which includes the time credit he now claims) was a result of his recommitment or incarceration for his parole violation, and not due to the new charges committed as of May 7, 2016. Under Section 9760(4), once credit was given against his old sentence for which he was recommitted, the time Appellant served in custody on his new charges was no longer because of those charges within the meaning of subsection (1) of Section 9760 and therefore, Appellant is not entitled to time

credit against his sentence on the new charges. ***See Commonwealth v. Merigris***, 681 A.2d 194 (Pa. Super. 1996) (construing 18 Pa. C.S.A. § 1360(4), the predecessor statute to Section 9760(4)).

In light of the foregoing, we agree with the trial court that crediting the time claimed by Appellant toward the instant sentence would amount to double credit. ***See*** Trial Court Opinion, 6/21/17, at 2. Appellant's claim is therefore without merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/23/18