J-S32044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNY SHYE MURPH | : | |
| | : | |
| Appellant | : | No. 246 MDA 2022 |

Appeal from the PCRA Order Entered February 1, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003567-2017

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.: **FILED: DECEMBER 5, 2022**

Kenny Shye Murph appeals from the order, entered in the Court of Common Pleas of Lancaster County, dismissing his *pro se* amended petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing. We reverse and remand.

In 2017, Murph was charged with one count each of firearms not to be carried without a license,[1] persons not to possess firearms,[2] possession of a firearm with an altered serial number,[3] and restrictions on alcoholic beverages.[4] The charges stemmed from events that occurred on July 5, 2017,

---

[1] 18 Pa.C.S.A. § 6106(a)(1).

[2] *Id.* at § 6105(a)(1).

[3] *Id.* at § 6110.2(a).

[4] *Id.* at § 3809(a).

in Lancaster, Pennsylvania, where Murph was a front-seat passenger in a car that was stopped for a cracked windshield. The officers who conducted the traffic stop suspected that Murph might be armed and dangerous. While one officer was interacting with Murph outside of the vehicle, a back-up officer noticed a firearm under the front-passenger seat where Murph had been sitting. Murph was immediately placed in custody and charged with the above-stated offenses. The firearm was retrieved from the vehicle and processed. While no fingerprints were located on the firearm, test results revealed that DNA found on the gun overwhelmingly matched Murph's DNA profile. Both the owner and driver of the vehicle indicated they had no knowledge of the firearm, had never owned a gun, had never had a gun in the vehicle, and had never loaned the car to other people to use.

Murph filed a pre-trial suppression motion, based on the validity of the traffic stop, which was denied.[5] In August 2018, a jury convicted Murph of illegally possessing a firearm.[6] After ordering a presentence investigation report (PSI), on January 9, 2019, the trial court sentenced Murph to 5-10 years' incarceration,[7] and awarded him credit for time served from August 7-13, 2018 and January 6-9, 2019. Murph was not awarded credit for time

---

[5] The court, however, granted Murph's motion to sever the persons not to possess firearms charge for trial.

[6] 18 Pa.C.S.A. § 6105(a)(1).

[7] The court *nolle prossed* the remaining charges on May 3, 2019.

served from July 5, 2017 to May 20, 2018, when he was held on a detainer, as a result of the instant charges, for a technical violation of his parole in an unrelated matter. Murph filed a post-sentence motion seeking credit for the time served on the detainer; the motion was denied by operation of law on May 29, 2019. *See* Pa.R.Crim.P. 720(B)(3).

Murph asked trial counsel, Michelle Akritas, Esquire, to file a direct appeal to this Court. Murph testified at a PCRA hearing that attorney Akritas wrote him a letter, dated May 22, 2019, that identified potential issues for appeal. However, Attorney Akritas later told Murph that a member of the public defender's appellate team, Senior Assistant Public Defender MaryJean Glick, Esquire, was going to represent him on appeal. *Id.* at 9. Attorney Glick filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on July 12, 2019. The Rule 1925(b) statement included one issue—the trial court's failure to award Murph time-credit. After filing the Rule 1925(b) statement, Attorney Glick received a letter from Murph indicating all the issues he wished to raise on appeal. In response, Attorney Glick wrote Murph a letter advising him that all of the additional issues he wished to raise on appeal were frivolous.[8] *Id.* at 10.

---

[8] At the PCRA hearing, Murph admitted a letter written by Attorney Glick, dated August 9, 2019, that was sent *after* Attorney Glick filed the Rule 1925(b) statement. *Id.* The letter stated that after a thorough review of the file and trial transcript, she would only be raising the time-credit issue on appeal and that all other issues did not have merit. *Id.* at 12-15.

In response to Murph's Rule 1925(b) statement, the Commonwealth requested that, due to an insufficient record, the matter be remanded for an evidentiary hearing to determine whether Murph had already been "awarded any or all of the time-served credit he [was] requesting." Commonwealth's Response to Rule 1925(b) Statement, 7/22/19, at 2. In addition, Murph indicated that he no longer wanted Attorney Glick to represent him on appeal. *See* N.T. PCRA Hearing, 11/2/21, at 27. Attorney Glick filed an application for remand in this Court seeking a *Grazier*[9] hearing to determine whether Murph should be permitted to proceed without counsel. On August 19, 2019, our Court entered an order directing the trial court hold a hearing, within 30 days, to determine if Murph "wishes to proceed with current counsel or *pro se*." Order, 8/19/19. On September 18, 2019, our Court further directed the trial court to conduct the requested hearing on or before October 21, 2019. Order, 9/18/19.[10]

At the hearing, Murph initially told the trial judge that he wished "to proceed *pro* se without a lawyer in [his] appeal to the Superior Court." N.T. *Grazier* Hearing, 10/23/19, at 2. However, during the hearing[11] the trial

---

[9] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998) (requiring on-the-record inquiry to determine whether waiver of counsel is knowing, voluntary, and intelligent).

[11] Although Attorney Glick testified that the ***Grazier*** hearing was not transcribed, **see** N.T. PCRA Hearing, 11/2/21, at 28, the trial court cites to the notes of testimony from the ***Grazier*** hearing throughout its Rule 1925(a) opinion. Although not the responsibility of the appellate court, our Middle
*(Footnote Continued Next Page)*

- 4 -

court received "further documentation regarding time[-]credit awarded for [] Murph's [s]tate [parole violation,]" and decided to amend the time-credit awarded on Murph's case to include additional credit for the time he spent in custody on the detainer. *See* Order, 10/24/19. *See Commonwealth v. Mann*, 957 A.2d 746, 751 (Pa. Super. 2008) ("[A]ll time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer."). Specifically, the parties told the court that information from the Pennsylvania Board of Probation and Parole, that was previously unavailable, indicated that Murph had not received time-credit on any docket from the time he was on state parole in his unrelated case to the time he was sentenced on the current matter. *Id.* at 8.

Following the hearing, the court entered the following order, amending its original sentence:

> AND NOW, this 23rd day of October, 2019, a *Grazier* [h]earing having been held on October 23, 2019, Mr. Murph having elected to continue to be represented by counsel, and the [c]ourt having received further documentation regarding time[-]credit awarded for Mr. Murph's State P[arole] V[iolation], this [c]ourt amends the time credit awarded on the above-captioned docket number as follows:
>
> Time credit for time spent in custody prior to sentencing shall be awarded from July 5, 2017 through May 20, 2018,

---

District Prothontary has been able to secure a copy of the transcript from the hearing. *See Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (en banc) ("the responsibility rests upon the appellant to ensure that the record certified on appeal is complete"). The transcript has been added as a supplement to the certified record on appeal. *See* Pa.R.A.P. 1926(b)(1).

- 5 -

and from August 7-13, 2018 (original sentencing order) – sentencing order) and January 6-9, 2019 (original sentencing order).

Order, 10/24/19 (italics and bold added).

As a result of the amended sentencing order, Attorney Glick filed a motion to discontinue Murph's appeal, noting that at the hearing, "[t]he parties reached an agreement that [] Murph[12] would withdraw the direct appeal if Judge Wright would award time[-]credit as requested in the Post-Sentence [M]otion, as this was the only issue raised in [Murph's Rule 1925(b)] Statement[.]" Application to Discontinue Appeal, 10/24/19, at 2. Accordingly, our Court entered an order discontinuing the appeal on October 28, 2019. *See* Order, 10/28/19; *see also* Pa.R.A.P. 1973(a).[13]

On August 7, 2020, Murph timely filed a *pro se* PCRA petition. PCRA counsel was appointed and, on November 25, 2020, counsel filed a motion to withdraw after concluding that there were no issues of merit to raise in a PCRA petition. On December 9, 2020, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Murph's petition without a hearing and advised Murph of counsel's petition to withdraw. On December 9, 2020, the court granted PCRA counsel's motion to withdraw.

---

[12] Murph testified at the PCRA hearing that he agreed to discontinue the appeal "[a]t the time," but that he had never been informed that Attorney Glick intended to discontinue the appeal "until the day [of the] *Grazier* hearing." N.T. PCRA Hearing, 11/2/21, at 14, 15.

On May 17, 2021, Murph filed a *pro se* amended PCRA petition, in response to the court's Rule 907 notice, claiming that Attorney Glick had been ineffective for depriving him of merits review of a sufficiency of the evidence issue (constructive possession of a weapon) on direct appeal and, as a result, that his direct appeal rights should be reinstated *nunc pro tunc*. On May 19, 2021, the PCRA court dismissed Murph's amended petition without a hearing. On June 17, 2021, Murph filed a notice of appeal from the dismissal of his petition.

On August 2, 2021, the trial court determined that an evidentiary hearing was warranted on Murph's amended petition on the limited issue of "whether Attorney Glick failed to file or perfect a requested direct appeal following Murph's conviction." Trial Court Opinion, 4/20/22, at 7. The trial judge notified this Court that he had scheduled a PCRA hearing for November 2, 2021, and, on August 17, 2021, this Court entered an order dismissing Murph's appeal. Order, 9/27/21. **See** Pa.R.A.P. 1701.

Murph was appointed new PCRA counsel and a hearing was held on Murph's ineffectiveness issue. Murph testified at the hearing that he wanted numerous issues raised on direct appeal and was coerced by Attorney Glick to discontinue his appeal. Attorney Glick testified at the hearing that she believed the only issue of merit was the credit-for-time-served claim and that any sufficiency of the evidence claim regarding constructive possession of the gun lacked merit. N.T. PCRA Hearing, 11/2/21, at 29 (Attorney Glick testifying other issues Murph wanted to raise on appeal were meritless).

In addition, Attorney Glick testified that she routinely consults with trial counsel and would have discussed Murph's case with Attorney Akritas regarding any potential issues for appeal. *See id.* at 23 ("Ms. Akritas and I always talked about all of her cases[.]"); *id.* (Attorney Glick indicating she discussed Murph's case with Attorney Akritas and "always consider[ed]" any issues trial counsel thought could potentially be raised on appeal). Attorney Glick also testified that she went through all of the issues Murph asked that she raise on appeal and wrote him a 4-page letter explaining why she found each of them meritless and why she decided not to raise them in his Rule 1925(b) statement. According to Attorney Glick, "a couple days of later[, she] got a letter demanding that [she] stop working on the case for [him]." *Id.* at 26.

Following the PCRA hearing and the submission of post-hearing briefs, the court dismissed Murph's petition on February 1, 2022. Murph filed a timely appeal and court-ordered Rule 1925(b) statement. On appeal, Murph presents the following issue for our review: "Was [Attorney Glick] ineffective when she [deprived Murph] of his right to merits review of his conviction [where she] raised a single issue on direct appeal related to his time-credit [and] knowingly waived all other issues [and t]hen struck a deal that mooted the only remaining issue?" Appellant's Brief, at 4 (reworded for clarity).

The standard of review of an order denying a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. *Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012).

The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id.*

Murph claims that counsel was ineffective *per se* because counsel "raised a single issue on appeal[—credit-for-time served—]and irrevocably waived all other [issues and then] struck a deal that mooted the only surviving issue." Appellant's Brief, at 7. Murph also alleges that the PCRA court applied an incorrect standard of review when it analyzed this claim and determined that the ineffectiveness *per se* standard did not apply and that Murph failed to prove prejudice from counsel's error under the traditional ineffectiveness standard.

Before addressing Murph's ineffectiveness claim, we *sua sponte* consider whether the trial court had the authority to enter the October 24, 2019 amended sentence to include additional credit for time served. **See Commonwealth v. Hill**, 238 A.3d 399, 407-08 (Pa. 2020) (appellate courts can raise illegality of sentence issues *sua sponte* even if not raised before trial court).

As a general rule, trial courts lose jurisdiction over a case once an appeal is taken from a final order or, if no appeal is taken, after thirty days elapse following the entry of a final order. **Commonwealth v. Robinson**, 837 A.3d 1157 (Pa. 2003). **See also** 42 Pa.C.S.A. § 5505 (trial courts do not have power to modify order after 30 days from date of entry if no appeal from order taken); **see also** Pa.R.A.P. 1701(a) ("after an appeal is taken or review of a quasi[-]judicial order is sought, the trial court or other government unit may

no longer proceed further in the matter"). However, trial courts do have the power "to modify a sentence in order to amend records, to correct mistakes of court officers or counsel's inadvertence, or to supply defects or omissions in the record[.]" *Commonwealth v. Quinlan*, 639 A.2d 1235, 1239 (Pa. Super. 1994) (citation omitted).

Here, Murph's original sentencing order was entered on January 9, 2019. After filing unsuccessful post-trial motions, Murph filed a timely notice of appeal on June 20, 2019. However, during the pendency of that appeal, the trial court resentenced Murph on October 24, 2019, to grant him credit for 319 days of time served.

In *Commonwealth v. Klein*, 781 A.2d 1133 (Pa. 2001),[14] our Supreme Court determined that a trial court had the authority to *sua sponte* modify its

_____

[14] In *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007), the Supreme Court concluded that in two cases, *Holmes*, 837 A.3d 501 (Pa. Super. 2003), and *Commonwealth v. Whitfield*, 833 A.2d 1152 (Pa. Super. 2002), the trial courts had jurisdiction to correct the defendants' sentences where the errors in question were patent. Specifically, the Court found that in one case the defendant's sentencing order contained a patent mistake that was "a fact apparent from the review of the docket without resort to third-party information." *Id.* at 66 ("[T]he sentence imposed [in *Holmes*] was in direct conflict with the longstanding precedent that a parole violator cannot be sentenced to a new sentence[,] but instead can only be recommitted to the remainder of the original sentence."). In *Whitfield*, the Court determined that where the trial court imposed a new sentence for a violation of probation even though probation was never imposed, the mistake was apparent from the Quarter Session notes in the record and, thus, was "patent and obvious." *Id.* Neither of these fact patterns are analogous to the instant case. Thus, we do not find *Holmes* on point with respect to resolution of the issue regarding whether the trial court had jurisdiction to amend Murph's sentence once a notice of appeal had been filed in the matter.

- 10 -

original sentence, after a notice of appeal had been filed, where county prison records showed that the defendant's credit time was incorrectly reported as 33 days, when, in fact, it was one day. *Id.* Under such circumstances, the modification was permitted because the court "was merely correcting a patent defect or mistake in the record." *Id.* at 1135. The *Klein* Court based its carefully-circumscribed holding on the fact that the sentencing court

> made clear that its intent was that [Klein] would serve one month in prison. In order to accomplish this, it sentenced [Klein] to time served, 33 days, to twelve months based upon the erroneous record supplied by the York County prison. It then corrected this mistake at the June 30th [re]sentencing hearing, by essentially issuing the same sentence, but crediting [Klein] with only one day for time served.

*Id.*

In this case, unlike in *Klein*, the trial court did not make clear that it intended to give Murph a flat sentence. Moreover, there was no patent or obvious error in the court's original January 9, 2019 sentence—where the court provided Murph with nine days' credit for time previously served—which correlated with the information provided to the court at Murph's sentencing hearing. Thus, when the court amended the sentencing order to change Murph's time-credit to 319 days, it was not correcting a patent mistake in the record or an obvious error in its original sentencing order. Instead, it was wholly changing Murph's sentence in light of the information provided to the

parties at the **Grazier** hearing.[15]  Thus, we conclude that this was not a patent error as described in our law and, therefore, the trial court was divested of jurisdiction when it amended its sentencing order, after Murph filed a notice of appeal.  **See Klein**, **supra** at 1135 (Court cautioning that "normally a court would not be permitted to take such action once it was divested of jurisdiction pursuant to § 5505" and carefully confining its holding to "the limited circumstances of this case . . .  [where the trial] court . . . was merely correcting a patent defect or mistake in the record").

Accordingly, we conclude that the trial court's October 24, 2019 amended sentencing order—entered *more than nine months* after its original sentence and after Murph had filed an appeal—is a legal nullity.  The trial court lacked jurisdiction to enter such an order.  **See** 42 Pa.C.S.A. § 5505.   Under the PCRA, a petitioner may be eligible for relief if a sentence results from a proceeding in a tribunal without jurisdiction.   **See** 42 Pa.C.S.A. §9543(a)(2)(viii); **see also Quinlan**, **supra** at 1240-41 (trial court lacked authority to enter order of probation where time to modify sentence "had long passed" and was not correction of any "clerical error;" order was nullity warranting PCRA relief under section 9543(a)(2)(viii)).   Accordingly, we reverse the trial court's order denying Murph PCRA relief.  **See** 42 Pa.C.S.A. § 9543(a)(2)(viii).   Having concluded that Murph's sentence is illegal to the

---

[15] Furthermore, we emphasize that this Court's directive to remand the matter to the trial court for a **Grazier** hearing did not return jurisdiction to the trial court.  Rather, this Court retained jurisdiction over the appeal until such time as Murph's appeal was discontinued by Attorney Glick.  **See** Order, 8/19/19.

extent that he has not been afforded full credit of time served, we remand for the trial court to issue a new sentencing order setting forth the correct amount of credit for time served by Murph while being held on the detainer. **Mann**, **supra**.

Order reversed. Case remanded for further proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.[16]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/05/2022

---

[16] We instruct the trial court that, upon the entry of its new sentencing order, Murph shall be advised of his right to an appeal and the right to have counsel appointed for that appeal, if he is determined to be indigent. **See** Pa.R.Crim.P. 708 (D)(3)(a)-(b); Pa.R.Crim.P. 122. Notably, Murph was not advised of these rights at the **Grazier** hearing. As a result, the court created an untenable situation in which Murph was forced to withdraw his appeal in order to receive the time-credit he was due, and, in the process, have any other appellate claims he wished to raise abandoned. **See** N.T. **Grazier** Hearing, 10/23/19, at **Id.** at 8-9 (emphasis added) (Attorney Glick stating, "I'd withdraw the appeal and provide you with a proposed order giving him that time credit. **So there wouldn't actually be an appeal left.**").

We do not comment on the merit of any issues Murph may wish to raise in an appeal, but do note if appointed appellate counsel determines that any such issues are frivolous, he or she is required to go through the mandated process for withdrawing on appeal from representing Murph. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

- 13 -