J-S26004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN NAVARRO, | |
| Appellant | No. 1025 EDA 2017 |

Appeal from the PCRA Order Entered March 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0510181-2006

BEFORE:  BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED JUNE 29, 2018**

Appellant, Juan Navarro, appeals from the post-conviction court's March 24, 2017 order denying his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Additionally, Appellant's counsel, Stephen T. O'Hanlon, Esq., has filed with this Court a petition to withdraw and a 'no-merit' letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  After careful review, we agree with counsel that the issue Appellant seeks to raise herein is meritless.  Therefore, we affirm the order dismissing Appellant's petition and grant counsel's petition to withdraw.

_____

[*] Former Justice specially assigned to the Superior Court.

The facts of Appellant's underlying convictions are not pertinent to our disposition of his appeal. The PCRA court summarized the procedural history of Appellant's case, as follows:

On April 25, 2011, following a jury trial before the Honorable Renee Cardwell Hughes, [Appellant] … was convicted of one count of third-degree murder (18 Pa.C.S. § 2502(c)). The [c]ourt immediately imposed a sentence of twenty to forty years['] incarceration. Due to the retirement of Judge Hughes, this case was reassigned to the undersigned judge for post-trial proceedings on July 6, 2011. The [c]ourt denied post-sentence motions on August 3, 2011. On November 2, 2012, the Superior Court affirmed [Appellant's] judgment of sentence. [Appellant] was represented at trial, sentencing, and on appeal by David Rudenstein, Esquire.

On October 4, 2013, [Appellant] filed a *pro se* petition under the [PCRA]…. [Attorney] O'Hanlon … was appointed to represent [Appellant] on August 15, 2014. On August 9, 2015, [Attorney] O'Hanlon filed an Amended PCRA Petition ("Amended Petition"). On October 29, 2016, [Attorney] O'Hanlon filed a Supplemental Amended PCRA Petition ("Supplemental Amended Petition"). On January 20, 2017, after reviewing [Appellant's] Amended Petition, Supplemental Amended Petition, and the Commonwealth's Motion to Dismiss, this [c]ourt ruled that the claims set forth in [Appellant's] petitions were without merit. That day, pursuant to Pa.R.Crim.P. 907, the [c]ourt issued notice of its intent to dismiss the petitions without a hearing ("907 Notice"). On March 24, 2017, the [c]ourt entered an order dismissing [Appellant's] PCRA petitions.

PCRA Court Opinion (PCO), 6/22/17, at 1-2 (footnote omitted).

Appellant filed a timely notice of appeal, and the PCRA court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney O'Hanlon filed a Rule 1925(c)(4) statement indicating his intent to file a petition to withdraw with this Court, but stating that the issue Appellant sought to raise on appeal was the following:

- 2 -

> 1. The PCRA court erred in dismissing Appellant's PCRA Petition without a hearing because Appellant has not received sufficient time credit rendering his present sentence illegal because it is above the statutory maximum and the PCRA court had jurisdiction to correct the issue pursuant to **Commonwealth v. Mann**, 957 A.2d 746 (Pa. Super. 2008).

Rule 1925(c)(4) Statement, 4/15/17, at 1-2 (footnote omitted). The PCRA court issued an opinion addressing the above-stated issue on June 22, 2017.

On September 26, 2017, Attorney O'Hanlon filed with this Court a petition to withdraw and a **Turner/Finley** no-merit letter. In **Turner**, our Supreme Court "set forth the appropriate procedures for the withdrawal of court-appointed counsel in collateral attacks on criminal convictions[.]" **Turner**, 544 A.2d at 927. The traditional requirements for proper withdrawal of PCRA counsel, originally set forth in **Finley**, were updated by this Court in **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006), *abrogated by* **Commonwealth v. Pitts**, 981 A.2d 875 (Pa. 2009),[1] which provides:

> (1) As part of an application to withdraw as counsel, PCRA counsel must attach to the application a "no-merit" letter[;]
>
> 2) PCRA counsel must, in the "no-merit" letter, list each claim the petitioner wishes to have reviewed, and detail the nature and extent of counsel's review of the merits of each of those claims[;]
>
> 3) PCRA counsel must set forth in the "no-merit" letter an explanation of why the petitioner's issues are meritless[;]

---

[1] In **Pitts**, our Supreme Court abrogated **Friend** "[t]o the extent **Friend** stands for the proposition that an appellate court may *sua sponte* review the sufficiency of a no-merit letter when the [Appellant] has not raised such issue." **Pitts**, 981 A.2d at 879. In this case, Attorney O'Hanlon filed his petition to withdraw and no-merit letter with this Court and, thus, our Supreme Court's holding in **Pitts** is inapplicable.

4) PCRA counsel must contemporaneously forward to the petitioner a copy of the application to withdraw, which must include (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that … the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel;

5) the court must conduct its own independent review of the record in the light of the PCRA petition and the issues set forth therein, as well as of the contents of the petition of PCRA counsel to withdraw; and

6) the court must agree with counsel that the petition is meritless.

*Friend*, 896 A.2d at 615 (footnote omitted).

Here, Attorney O'Hanlon has filed a petition to withdraw and a no-merit letter. In that letter, Attorney O'Hanlon sets forth the single issue that Appellant wishes to have reviewed, and he indicates the nature and extent of his review of that claim. He also explains why Appellant's issue is meritless. Attached to his petition to withdraw, Attorney O'Hanlon includes a letter addressed to Appellant, informing Appellant that counsel is withdrawing, stating that counsel has enclosed the no-merit letter, and advising Appellant of his right to retain private counsel or proceed *pro se*. Accordingly, Attorney O'Hanlon has satisfied the first four requirements for withdrawal under **Turner/Finley**.

Next, we will conduct our own independent assessment of the record to determine if the issue presented in Appellant's petition is meritless. We begin by noting that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is

supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007).

As stated *supra*, Appellant seeks to argue that he has not received adequate credit for time served, which he believes renders his sentence illegal and subject to correction by the PCRA court under the rationale of ***Mann***. In rejecting this claim, the PCRA court explained:

> In the issue that [Appellant] wishes to preserve for appeal, he states that he did not receive "sufficient" credit for time served. Because that claim is not cognizable under the PCRA, this [c]ourt was without jurisdiction to address the issue.
>
> It is true that if a defendant is entitled to credit for time served, but the sentencing court fails to order such credit, the sentence is illegal, and may be remedied through the PCRA. ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007). However, where the sentencing court orders credit for time served, but [the] defendant takes issue with the calculation of the appropriate time credit by the Department of Corrections, the appropriate forum for the claim is an original action in Commonwealth Court. There is no jurisdiction under the PCRA to challenge the calculations of the Department of Corrections. ***See Commonwealth v. Heredia***, 97 A.3d 392, 394-[]95 (Pa. Super. 2014), *app[eal] denied*, 97 A.3d 392 (Pa. 2014); ***Commonwealth v. Perry***, 563 A.2d 511, 512-13 (Pa. Super. 1989).
>
> Here, Judge Hughes' sentencing order explicitly provided that: "[] [Appellant] is to receive credit for time served." Sentencing Order, dated April 25, 2011. Judge Hughes left the computation of the time credit to the Department of Corrections. Since [Appellant] contends that the computation of the proper credit was not correct, his only remedy is in the Commonwealth Court. ***Heredia***, 97 A.3d at 394-[]95; ***Perry***, 563 A.2d at 512-[]13.
>
> The case cited by [Appellant], … ***Mann***, … is not to the contrary. In ***Mann***, the defendant committed new crimes while on state parole, and by law, was entitled to have credit for time served applied to his sentence on those new crimes. The

- 5 -

sentencing judge, who wanted the time credit to be applied to [the] defendant's back[-]time for his parole violation, explicitly stated in the sentencing order that [the] defendant was to receive no time credit for any time served and that the time should instead be applied to the state parole violations. *Mann*, 957 A.2d at 748. The Superior Court held that the trial judge's order providing for no time credit rendered the sentence illegal, and therefore, the sentencing court had jurisdiction to correct that error. *Id.* at 748-[]49. Unlike in *Mann*, in the case at bar, the sentencing court awarded time credit, and any time credit error could only be attributable to the Department of Corrections' calculation of that credit.

Accordingly, [Appellant's] claim was not cognizable under the PCRA, and the [c]ourt lacked jurisdiction to address it on the merits. No relief is due.

PCO at 2-4.

After reviewing the cases relied upon by the PCRA court, we ascertain no error in the court's decision to deny Appellant's petition because his claim is not cognizable under the PCRA. In any event, we note that according to Attorney O'Hanlon, Appellant has "received additional time credit during the PCRA process and, despite requests from … counsel, [Appellant] has not been able to show why he is entitled to further time credit." Rule 1925(c)(4) Statement at 2 n.1; *see also* Commonwealth's Brief at 5 n.2 (pointing out that Appellant received credit for time served).

Given this record, we agree with Attorney O'Hanlon that the PCRA court did not err in denying Appellant's petition. Therefore, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/18