J-A02041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH THOMAS COYNE | : | |
| | : | |
| Appellant | : | No. 904 MDA 2018 |

Appeal from the PCRA Order May 4, 2018
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000139-2016,
CP-38-CR-0000203-2016

BEFORE:  LAZARUS, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 18, 2019**

Appellant Keith Thomas Coyne appeals from the order denying his timely first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea.  He also claims that counsel's failure to specify the dates of Appellant's time credit resulted in 355 days of uncredited time towards his sentence.  We affirm.

Appellant, while on state parole from a previous matter,[1] was arrested for driving under the influence (DUI) and related offenses on July 24, 2015.  ***See*** CP-38-CR-139-2016.  Appellant was released on bail, and on December 5, 2015, Appellant was arrested for another DUI and related offenses.  ***See***

---

[1] Appellant was paroled from a state correctional institution on unrelated charges in Lackawana County on October 27, 2011.  Appellant's maximum date of supervision in that case was February 9, 2020.

CP-38-CR-203-2016. That same date, the Pennsylvania Board of Probation and Parole (Board) lodged a detainer against Appellant.

Appellant waived his preliminary hearing in both cases on January 14, 2016. On February 5, 2016, the Commonwealth filed a criminal information at 139-2016, charging Appellant with DUI (fourth or subsequent offense) and two summary traffic violations.[2] On February 11, 2016, the Commonwealth filed a criminal information at 203-2016, charging Appellant with fleeing or attempting to elude a police officer, DUI (fourth or subsequent offense), recklessly endangering another person (REAP), receiving stolen property (RSP), and eight summary traffic violations.[3]

On September 20, 2016, Appellant, who was represented by plea counsel, executed written guilty plea colloquies and entered a negotiated guilty plea to fleeing or attempting to elude a police officer, DUI, REAP, RSP, and DUI with a suspended license. *See* Written Guilty Plea Colloquies, 203-2016 & 139-2016, 9/20/16.

In relevant part, the written colloquies provided that (1) the agreed-upon sentence was either state intermediate punishment (SIP) or, if Appellant was not accepted to SIP, then a term of two to five years' incarceration; (2) no promises had been made other than the terms of the negotiated plea

---

[2] 75 Pa.C.S. §§ 3802(a)(1), 4703(a), and 1543(b)(1.1)(i).

[3] 75 Pa.C.S. §§ 3733(a), 3802(a)(1); 18 Pa.C.S. §§ 901(a), 3925(a); 75 Pa.C.S. §§ 1543(b)(1.1)(i), 1501(a), 3736(a), 3323(b), 3323(b), 3308(a), 1372(1), and 3361.

agreement; (3) the sentencing court was not bound by the terms of the plea agreement; (4) the plea could be withdrawn if the sentencing court rejected the plea agreement; and (5) the plea would result in a parole violation for which a term of incarceration may be imposed. *Id.* at 1-6.

That same day, Appellant participated in an oral plea colloquy with the Honorable Robert J. Eby. During the colloquy, the court reiterated the terms of Appellant's negotiated plea as follows:

> [The Court]: The plea agreement as to both counts is identical. That is[,] the sentencing Judge will direct your entry into the State Intermediate Punishment Program. If for any reason you were not accepted into that program, you will receive a two-to-five year sentence in a state institution. Do you understand that plea agreement?
>
> [Appellant]: Yes, I do.
>
> [The Court]: Is that your agreement?
>
> [Appellant]: Yes. Your Honor, would that be running concurrent with any and all charges?
>
> [The Court]: There is nothing reflected in the plea agreement one way or the other.
>
> [Appellant]: Should it be there?
>
> [The Court]: That is the Judge's discretion at sentencing.
>
> [Appellant]: At sentencing?
>
> [The Court]: Yes, sir.
>
> [Appellant]: Thank you.
>
> [The Court]: Do you understand?
>
> [Appellant]: Yes.

N.T. Guilty Plea Hr'g, 9/20/16, at 3-4.

On November 16, 2016, Appellant proceeded to sentencing before the Honorable Samuel A. Kline. At that time, plea counsel indicated that Appellant was not approved for SIP. Plea counsel requested that the court impose the negotiated plea of two to five years' state incarceration, and the court agreed. N.T. Sentencing, 11/16/16, at 2-4. Plea counsel noted that Appellant was a veteran with a history of drug and alcohol addiction, and explained to the court that Appellant had a pending DUI charge in Dauphin County[4] along with a state parole violation. *Id.* at 3.

The court thereafter sentenced Appellant to an aggregate term of two to five years' imprisonment.[5] *Id.* Although not included in the plea agreement, the court also made Appellant eligible for the Recidivism Risk Reduction Incentive Program (RRRI), and explained to Appellant that the RRRI designation may result in a minimum sentence of less than two years. *Id.* at 17-18.

The trial court ordered that Appellant receive credit for time served, but indicated that "[a]ll of those credits are solely in the discretion of the DOC." *Id.* at 17. At the conclusion of the hearing, Appellant asked the court whether his sentences would run concurrent to his parole violations, and the court

---

[4] It appears that Appellant was charged in the Dauphin County case in October of 2015.

[5] The trial court's aggregate sentence in this matter included concurrent terms of one to two years' incarceration for fleeing/eluding a police officer, six to twelve months' incarceration for RSP, and sixty to ninety days' incarceration for driving with a suspended license, and a consecutive term of one to three years' incarceration for DUI.

stated, "I can't say that, because I don't have control over the [parole violation]." ***Id.*** at 18. Appellant did not file any post-sentence motions or a direct appeal.

Appellant, acting *pro se*, timely filed his first PCRA petition, which the PCRA court docketed on November 1, 2017. Thereafter, the PCRA court appointed counsel, Melissa Rae Montgomery, Esq., who filed an amended petition on December 18, 2017.

Appellant argued that he was deprived of his "constitutionally guaranteed right to a fair sentence" because he is serving a sentence different from the one intended by the trial court. ***See*** Am. PCRA Pet., 12/18/17, at 1. Appellant also asserted that the trial court's intended sentence was illegal, because (1) he was statutorily precluded from serving a backtime sentence concurrent with his plea sentence; and (2) he was not eligible for RRRI. ***See*** Am. PCRA Pet., 12/18/17, at 1; ***see also*** *Pro Se* PCRA Pet., 11/1/17, at 9 (unpaginated).

Moreover, Appellant claimed that plea counsel was ineffective for failing to advise Appellant that he was ineligible for RRRI due to his REAP conviction and that he could not serve a backtime sentence concurrent with his new sentence. ***See*** Am. PCRA Pet., 12/18/17, at 1; ***see also*** *Pro Se* PCRA Pet., 11/1/17, at 9 (unpaginated). Appellant concludes that, as a result of plea counsel's failures, Appellant's guilty plea was not knowing or voluntary. ***See*** Am. PCRA Pet., 12/18/17, at 1; ***see also*** *Pro Se* PCRA Pet., 11/1/17, at 9 (unpaginated).

Finally, Appellant argued that plea counsel was ineffective for failing to object when the trial court ordered that the DOC would determine the amount of Appellant's time credit. *See* Am. PCRA Pet., 12/18/17, at 2; *see also* *Pro Se* PCRA Pet., 11/1/17, at 11 (unpaginated). He also argued that counsel failed to ensure that the specific dates for his time credit were placed on the trial court's sentencing order. *See* Am. PCRA Pet., 12/18/17, at 2; *see also* *Pro Se* PCRA Pet., 11/1/17, at 12 (unpaginated).

On May 3, 2018, the PCRA court held an evidentiary hearing, at which both Appellant and plea counsel testified. Appellant testified that his guilty plea was based on plea counsel's advice that (1) Appellant would be eligible for RRRI; and that (2) Appellant's plea sentence would run concurrent with his parole violation sentences. N.T. PCRA Hr'g, 5/3/18, at 7, 11. Specifically, Appellant testified that he had multiple conversations with plea counsel about whether his sentence would run concurrent with his parole violation, and that based on those conversations, Appellant was "under the assumption that was the case." *Id.* Appellant also indicated that "in the sentencing order, Judge Kline said I believe that was the case, that everything is concurrent. It says for all other sentences." *Id.* at 12. Finally, Appellant testified that although the trial court awarded him credit for time served, he did not receive credit for 355 days that he spent in custody. *Id.* at 14.

Plea counsel testified that he made no guarantees to Appellant concerning his RRRI eligibility. *Id.* at 26. He explained that the terms of the plea agreement were fully outlined on the guilty plea colloquies, which did not

mention RRRI. *Id.* Further, plea counsel testified that if there was "a guarantee on [RRRI] in some way, I would have put that on the written plea bargain and I would have completed that written section before [Appellant] went through and 'X'd' the answer[s] and initialed the bottom of every page, and signed at the end of that." *Id.*

Plea counsel also testified that although Appellant's impending parole violation had been discussed frequently, he never told Appellant that his parole violation sentence would run concurrently with his plea sentence. *Id.* at 25. Plea counsel explained that he "made other very direct representations to [Appellant] that we couldn't determine how the [parole violation] would be run." *Id.* Specifically, he told Appellant that "the best we could do is hope and request the sentencing judge to run all of the time on these cases concurrent to each other and concurrent to any other sentences he is serving, which is ultimately what Judge Kline did [in] his sentence." *Id.*

At the conclusion of the hearing, the PCRA court concluded that plea counsel's testimony was credible, and that plea counsel did not make any promises to Appellant concerning his RRRI eligibility. The court also found that counsel did not misrepresent the fact that there was "no guarantee about what the Parole Board would or could do." *Id.* at 32. The PCRA court explained:

> I'm going to make a finding that I believe [plea counsel], who is a member of the Lebanon County Bar for a number of years, was credible, honest, and discussed with [Appellant] a variety of items, not limited to no guarantee about what the Parole Board would or

could do, nor could this court make. I think there are some references to the transcript in that.

Let's deal with the guilty plea. He plead guilty to a sentence of 2 to 5 years. It was silent as to concurrent or consecutive. This isn't a case where I did that. I made it concurrent. How could that be actionable under the PCRA?

Second, there was no guarantee on the RRRI eligibility in the guilty plea, but I made [Appellant] RRRI eligible. I gave [Appellant] something that he didn't even negotiate. The problem comes in at the Board determines that, and found that he wasn't eligible. That is neither the fault of [plea counsel], nor the fault of the court. It's the decision of the Board of Probation and Parole, and [Appellant] had an opportunity to appeal and he did. That decision was denied. That is not actionable under the PCRA Act. Accordingly, that part of the PCRA is dismissed.

Now the assertion that I wouldn't have entered into this plea if I had known all of this is also not actionable because Judge Eby clearly defined in the transcript[6] that it could be either consecutive or concurrent. I gave him the lesser. I gave him 2 years to 5 years, but I gave him RRRI eligible. To now come at this point and say I was confused is not consistent with the record.

I find that [plea counsel]'s testimony to be consistent and [Appellant] was advised of these risks. Unfortunately for [Appellant], they came true. And I say that because I wish the Board of Probation and Parole had ruled differently for him because of the circumstances. What I wished for [Appellant] and what happens in this PCRA hearing are two different things. There is nothing in the petition that merits a consideration that grants a PCRA finding [plea counsel] not competent or finding that he hadn't fulfilled his duties. He did everything that he could . . . to represent this [Appellant] diligently and he did so. As a matter of fact, he convinced the court to grant RRRI eligibility. The unfortunate part for [Appellant] is not something that Attorney Warner failed to do, it's something that the Board of Parole didn't do. But that was a risk that I believe [plea counsel] had told him. He couldn't control that. As a matter of fact, [plea counsel] indicated that he had trouble getting answers from them and he explained that to him. How could he, he being [plea counsel] or

_____

6 *See* N.T. Guilty Plea, 9/20/16.

this court, know that the Board of Probation was going to run the violations consecutive or stack them?

By your own admission, [Appellant], you acknowledge that you had a series of DUIs. If we were to make PCRAs cogn[iz]able because of these potentials, this court would be opened up to every person who has an adverse decision by the Board of Probation and Parole to a PCRA claim that is not actionable based on the construct that they believed that even though the Judge sentenced them to what they wanted, they are not getting that benefit of the bargain now, and were somehow misled. You weren't misled by [plea counsel]. He told you the potentials for that, he just didn't know what was going to happen. He hoped for that, but it didn't.

Moreover [Appellant], you had an opportunity to address an error that was created by the Board of Probation through the administrative appeals. You didn't convince them that it was actionable and therefore took this step, which I'm not blaming you. I probably would have done the same thing too if I was in the same boat as you. But being in the same boat and asking the court for it is different than whether the court can grant it. I believe the court does not have the authority to consider the RRRI eligibility. More importantly, when you look at the Post Conviction Relief Act, I have to find some error by [plea counsel]. I can't find that either. [Plea counsel] got you the best deal you could have gotten under the plea, even better than what the deal was. The court sentenced you consistent with that. What happened to you was beyond this court and well beyond any representation by [plea counsel], which I found to be excellent and the best he could do for you.

\* \* \*

And may I say, and don't take this as a threat because I, in no way, want to make it sound like that, had you gone to trial on these matters, you likely would have gotten a larger sentence than you already did and they may have been consecutive. What Attorney Warner got for you was the best you could get. What is unfortunate for you is the Board of Probation and Parole and their determinations of your violations of other sentences, not these, determined they were going to stack those. I can't control that. You had a remedy and that was an appeal which you took and I believe based on what you told me you took, and it was adverse to you.

N.T. PCRA Hr'g, 5/3/18, at 32-36 (some capitalization omitted).

On May 4, 2018, the PCRA court entered an order denying Appellant's PCRA petition. Appellant filed a timely notice of appeal on June 1, 2018, and a Pa.R.A.P. 1925(b) statement on June 11, 2018. On July 26, 2018, in lieu of a Rule 1925(a) opinion, the PCRA court issued an order directing this Court to review a portion of the PCRA hearing transcript in which the court set forth its findings of fact. **See** Order, 7/26/18; **see also** N.T. PCRA Hr'g, 5/3/18, at 32-26.

On appeal, Appellant presents the following issues for our review:

1. Whether the Appellant was denied his constitutionally guaranteed right to a fair sentence when the trial court intended for Appellant's sentence to be served concurrent with anything else he was serving at the time and that he would be RRRI eligible; however, Appellant's sentence is being served consecutively and he is not RRRI eligible[.]

2. Whether Appellant was denied his constitutionally guaranteed right to effective representation when his prior counsel failed to specify the dates Appellant should be awarded time credit for at the time of his sentencing[.]

Appellant's Brief at 4 (some capitalization omitted).

In his first claim, Appellant essentially argues that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.[7]

---

[7] To the extent Appellant suggests that he was deprived of his "constitutionally guaranteed right to a fair sentence" because he is serving a sentence different from the one intended by the trial court, no relief is due. **See** Appellant's Brief at 4, 7. At the outset, we note that Appellant's argument on this matter consists of single sentences in his issues presented and the argument section

*Id.* at 7. Specifically, Appellant asserts that plea counsel should have informed him that (1) he was ineligible for RRRI due to his REAP conviction; and (2) the trial court could not order the instant sentence to run concurrently with Appellant's parole violation sentence. *Id.* at 10. Appellant maintains that he could not have entered a voluntary plea because it was based on plea counsel's "misleading information and discussions with Appellant." *Id.* at 13. Appellant asserts that "he only accepted the guilty plea because he was under the impression that he would be receiving a minimum sentence of 18 months. He is now looking at a possible four[-]year sentence." *Id.* at 11.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v.***

_____

of his brief. *See id.* Accordingly, this claim is waived. *See* Pa.R.A.P. 2119(a) (stating that the argument must include discussion and citations to pertinent authorities); *see also Commonwealth v. Plante*, 914 A.2d 916, 924 (Pa. Super. 2006) (stating that "[w]e have repeatedly held that failure to develop an argument with citation to, and analysis of, relevant authority waives the issue on review" (citation and quotation marks omitted))

In any event, with respect to RRRI, we note that a court's imposition of an RRRI minimum sentence does not guarantee that a defendant will be paroled on the expiration of that term. *See Commonwealth v. Hansley*, 47 A.3d 1180, 1188 (Pa. 2012) (stating that the parole board is ultimately responsible for determining whether an offender is eligible for parole upon the completion of the RRRI minimum sentence). Moreover, as to the consecutive nature of the present sentences to his backtime sentence, the trial court did not order Appellant's sentence to run concurrent to his backtime sentence. *See* 61 Pa.C.S. § 6138(a)(5) (stating that once a parolee is recommitted as a convicted parole violator, the original sentence and any new sentences must be served consecutively).

***Ousley***, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Commonwealth v. Mitchell***, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted).

To establish a claim of ineffective assistance of counsel, a petitioner "must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." ***Commonwealth v. Turetsky***, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted).

Counsel is presumed effective, and the burden is on the petitioner to prove all three of the following prongs: "(1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." ***Id.*** (citation omitted); ***see Commonwealth v. Daniels***, 963 A.2d 409, 419 (Pa. 2009). It is well settled that "[c]ounsel cannot be deemed ineffective for failing to pursue a meritless claim." ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*) (citation omitted).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." ***Commonwealth v.***

*Allen*, 732 A.2d 582, 587 (Pa. 1999) (citation omitted). "In order to make a knowing and intelligent waiver, the individual must be aware of both the nature of the right and the risks and consequences of forfeiting it." *Commonwealth v. Houtz*, 856 A.2d 119, 122 (Pa. Super. 2004) (citation omitted). "To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." *Allen*, 732 A.2d at 588-89.

Further, a "valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citation omitted). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (citation omitted); *see also* Pa.R.Crim.P. 590 cmt. "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (citation omitted).

Here, the written plea colloquies contain Appellant's handwritten acknowledgements of the terms of his plea: "global plea . . . State IP program

- 13 -

or if not accepted into State IP program 2yrs-5yrs." *See* Written Guilty Plea Colloquies, 203-2016 and 139-2016, 9/20/16, at 6. Appellant acknowledged that no promises had been made beyond those terms, which he understood, and wished to accept. *Id.*

Additionally, at the oral colloquy, the trial court specifically advised Appellant that the plea did not include any terms concerning whether Appellant's sentence would run concurrent or consecutive to other sentences. *See* N.T. Guilty Plea Hr'g, 9/20/16, at 3-4. Appellant indicated that he understood. *Id.* Appellant is bound by his statements, which confirmed his understanding of the terms included in his plea agreement, and demonstrates the basis for his decision to plead guilty. *See Pollard*, 832 A.2d at 523.

Moreover, testimony from the PCRA hearing established that plea counsel made no guarantees to Appellant concerning his eligibility for RRRI, nor did counsel advise Appellant that his plea sentence would run concurrent with a future parole violation sentence. The PCRA court found plea counsel's testimony credible. In light of the PCRA court's credibility determinations, which are supported by the record, we agree that Appellant's decision to plead guilty was not based on inaccurate advice from plea counsel. *See Mitchell*, 105 A.3d at 1265.

Therefore, based on the totality of these circumstances, we agree with the PCRA court that Appellant's ineffectiveness claim lacks arguable merit. *See Allen*, 732 A.2d at 587. Accordingly, the court properly denied PCRA relief on this claim.

In his second issue, Appellant argues that although the trial court awarded him credit for time served, counsel was ineffective for failing to specify the dates for Appellant's time credit. Appellant's Brief at 15. Appellant argues that plea counsel's failure has resulted in "a total of 355 days in prison that are not being credited to Appellant's sentences." *Id.* at 16.

By way of background, at the PCRA hearing, Appellant testified that he filed a petition with the Board seeking 355 days of credit for the time he spent in custody pending disposition of the instant case. *See* N.T. PCRA Hr'g, 5/3/18, at 13. The Board denied Appellant's request, and explained that the 355 days would be credited towards Appellant's new sentence, and not to his backtime. *See* Ltr. from Parole Board, 1/31/18, at 2. The PCRA court explained to Appellant that a decision from the Parole Board should be appealed in Commonwealth Court, and not through the PCRA. *See* N.T. PCRA Hr'g, 5/8/18, at 15. The PCRA court further noted that counsel was not ineffective for failing to request specific dates for time credit, as the trial court properly ordered "credit for time served." *Id.* at 34.

Initially, we note that "[a] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." *Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007) (citations omitted). "Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Furness*, 153 A.3d 397, 405 (Pa. Super. 2016) (citation omitted). As such, our standard of review is *de novo*, and our scope of review is plenary. *Id.*

Where a defendant is awaiting trial for new charges while simultaneously awaiting disposition on an alleged parole violation, we have explained that

> all time served by a parole violator while awaiting disposition on new charges must be credited to the original sentence if he or she remains in custody solely on a Board detainer. If the defendant is incarcerated prior to disposition, and has both a detainer **and** has failed for any reason to satisfy bail, the credit must be applied to the new sentence by the sentencing court.

*Commonwealth v. Mann*, 957 A.2d 746, 751 (Pa. Super. 2008) (citations omitted).

In *Mann*, counsel for the defendant, who was on state parole, requested that the trial court refrain from awarding the defendant credit for the time he was incarcerated prior to disposition of his new charges. *Id.* Instead, defense counsel asked that the credit be "reserved" and applied towards the defendant's imminent recommitment to serve backtime on his parole violation. *Id.* at 748. The trial court granted defense counsel's request, and issued an order stating that the defendant "is given no time credit for any of the time spent on these charges and that time is to go towards other matters, the state parole violations." *Id.* at 748. On appeal, this Court held that it was error for the trial court to comply with counsel's request. *Id.* at 748-49. This Court ultimately agreed with the defendant's assertion that it "was not legally appropriate, since he was entitled to the credit, and the sentencing court was not at liberty to reserve the credit for a later parole disposition." *Id.* at 748.

Recently, in *Commonwealth v. Gibbs*, 181 A.3d 1165 (Pa. Super. 2018), a panel of this Court reiterated that when a defendant remains in

- 16 -

custody because he is subject to a Board detainer for a parole violation **and** fails to satisfy bail on the new charges, credit for that time should be applied to the defendant's new sentence, and not to his original sentence. ***Gibbs***, 181 A.3d at 1168.

Here, the trial court's sentencing order properly indicated that Appellant should receive credit for time served. Although Appellant was subject to a Board detainer when he was in custody on the present matters, he was not able to satisfy bail on the underlying charges. Accordingly, the 355 days of time credit should be applied to Appellant's new sentence, and not to his backtime. ***See Gibbs***, 181 A.3d at 1168; ***see also Mann***, 957 A.2d at 748. Contrary to Appellant's claim, the trial court does not have the authority to specifically allocate time credit towards a backtime sentence. ***See id.*** Therefore, plea counsel had no responsibility to place a meritless request on the record during sentencing. ***See Loner***, 836 A.2d at 132. Accordingly, Appellant's argument fails.

In sum, having reviewed Appellant's arguments in light of the record, we find no basis to conclude that the PCRA court erred in denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2019